## A. DREISS ET AL. v. WENZEL FRIEDRICH.

(Case No. 4498.)

1. BILL OF EXCEPTIONS — DAMAGES — EVIDENCE.— A bill of exceptions, in an action to recover actual damages for personal injuries, was taken to the action of the court in admitting, over objections, evidence "of the worldly condition of plaintiff, and how many children he had, and whether they were dependent on him for a support." The statement of facts showed no direct evidence of plaintiff's pecuniary condition, but did show the number of plaintiff's children, and that in answer to a question as to who supported them, he answered, "I have to support them." *Held,*

    (1) The bill of exceptions was substantially supported by the statement of facts.

    (2) The suit being for actual damage, the answer to the question was calculated to excite the sympathy of the jury, and its admission was error.

2. STATEMENT OF FACTS — STENOGRAPHIC REPORT.— The full stenographic notes of the testimony and proceedings on the trial of a cause should not incumber the record as a substitute for the statement of facts. Such a practice is in violation of a rule of court (Rules for District Court, 71, 72).

APPEAL from Bexar. Tried below before the Hon. George H. Noonan.

Appellee Wenzel Friedrich sued appellants for damages in the sum of $10,000 for injuries received by him on the 15th day of July, 1881, occasioned by a defective grating in the sidewalk contiguous to the property of appellants. Plaintiff, while lawfully using the sidewalk, caught his foot in a hole in the grating over a celler opening belonging to appellants' property, and his leg was fractured and broken to such an extent as to cause great bodily pain, and he alleged that he suffered an irreparable injury. Appellee obtained a judgment for $1,000. From this judgment Dreiss & Dreiss appeal.

*Houston & Grothaus,* for appellants.

*Tarleton & Boone,* for appellee.

I. When the injury is occasioned by gross negligence the injured party may not only recover for the remote consequences of the wrong, actual damages, but is allowed such punitive or exemplary damages as not only to punish in some degree the wrongdoer, but to have a salutary influence in preventing others from perpetrating similar wrongs. Field on Damages, p. 21, sec. 23; Cole *v.* Tucker, 6 Tex., 266; Smith *v.* Sherwood, 2 Tex., 460; Graham *v.* Roder, 5 Tex., 141; Porter *v.* Hannibal & St. Joseph R. R., 71 Mo., 66; Sorelle *v.* Western Union Tel. Co., Tex. Com. of Appeals, June 14, 1881.

II. In cases of negligence, the liability to exemplary damages usually turns upon the degree of negligence of the wrongdoer,

whether it be of nonfeasance or misfeasance. Field on Damages, p. 90, sec. 84; 2 Greenl. Ev., sec. 267.

III. In cases of gross negligence, compensation may be given for injury to the feelings; to paternal affections; loss of time; mental agony, and expense of nursing and curing. Field on Damages, p. 70, sec. 73; id., p. 86, sec. 81.

IV. Mental suffering, flowing from injury received to the person, is a legitimate subject of investigation in ascertaining the amount of compensation for such injury. Canning v. Williamstown, 1 Cush., 451; Lynch v. Knight, 9 H. L., 598.

GOULD, CHIEF JUSTICE.— Friedrich recovered a judgment for damages for personal injuries alleged to have been caused by the negligence of appellants, and the only error relied on in this court to reverse the judgment is the admission, over objection of defendants, of evidence "of the worldly condition of plaintiff, and how many children he had, and whether they were dependent on him for a support." The bill of exceptions uses the language we have quoted, but appellee suggests that the statement of facts does not support the bill of exceptions. That instrument does not show any direct evidence as to the pecuniary condition of plaintiff, but it does show evidence as to the number of plaintiff's children, and that in reply to a question: "To whom does your family look for a support and maintenance?" plaintiff answered: "I have to support them." It also appears in the statement of facts that this evidence was objected to as irrelevant. We think that this substantially supports the bill of exceptions. Such evidence would convey to the minds of the jurors the idea that the pecuniary circumstances of the plaintiff and his family were such that they were dependent on his earnings for a support. The City of Chicago v. O'Brennan, 65 Ill., 143, cited by appellants, is in point. In a similar action the plaintiff was asked by his counsel to state what family he had, and over objection he was allowed to answer: "I had a wife, seven young daughters and two sons. They were in Ireland at that time, and I was their supporter as a lecturer." The case, like the present, was one in which only actual damages were recoverable, and the court held the evidence irrelevant and its admission to be erroneous. They treat it as indirect evidence of plaintiff's pecuniary circumstances, and ask: "Would appellant's counsel contend that it was competent for him to give direct evidence of his client's poverty?" Where the question is one of actual damage, irrelevant evidence calculated to excite the sympathy of the jury should be carefully excluded. We do not

think this case was one for exemplary damages, and, indeed, on the trial it seems that none other than actual damages were claimed. If, as urged by counsel, the mental suffering of the plaintiff might be considered in estimating actual damages, it was only mental suffering on account of his own condition, not on account of the condition of others, which might be looked to.

We think it proper to notice that the statement of facts in this case consists of the stenographer's report, giving in full every question and answer, and even the remarks of counsel on questions of evidence. The result is that it covers over seventy pages of the record, whereas the facts of the case are few and simple, and might well have been stated in one-tenth of the space. This is in violation of the rules laid down on this subject from the earliest decisions down to the rules of court now in force. Kemper v. Corporation of Victoria, 3 Tex., 140; Wright v. Wright, 6 Tex., 3; Hanks v. Lee, 22 Tex., 544; Rules of District Court, 71 to 75.

The statute authorizing the employment of a stenographer to take down the testimony in a cause does not authorize the incorporation of the testimony so taken down into the statement of facts. R. S., arts. 1295, 1296. The facts established by the evidence should be stated, and the testimony of the witnesses should only be inserted where there is a reasonable doubt of the sufficiency of the evidence to constitute proof of a fact. Rules of District Court, 71, 72. The adoption of the stenographer's report as the statement of facts is an abuse which the district court should not allow, and which this court will discourage by the use of such means as may be found proper and effectual to that end.

The judgment is reversed and cause remanded.

REVERSED AND REMANDED.

[Opinion delivered April 28, 1882.]