MISSOURI, K. & T. RY. CO. OF TEXAS v. GILLENWATER.†

(Court of Civil Appeals of Texas. Dallas. March 16, 1912. Rehearing Denied April 13, 1912.)

1. RAILROADS (§ 337*)—CROSSING ACCIDENTS — PROXIMATE CAUSE — BAD REPAIR OF CROSSING.

Though plaintiff might have passed over a defective crossing without injury by being jarred from his buggy, if his mule had not been running away, if the accident would not have occurred notwithstanding the mule's speed, had the crossing been in repair, the defective crossing was a concurring cause .of the accident so as to make the railway company liable in the absence of contributory negligence.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1090–1095; Dec. Dig. § 337.*]

2. APPEAL AND ERROR (§ 1033*)—REVIEW—HARMLESS ERROR—INSTRUCTIONS.

Error in an instruction which grouped the facts entitling plaintiff to recover in embodying undisputed facts therein and, requiring a finding thereof for plaintiff was not prejudicial to defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4052–4062; Dec. Dig. § 1033.*]

3. TRIAL (§ 191*)—INSTRUCTIONS—WEIGHT OF EVIDENCE.

The court instructed, in an action against a railroad company for personal injuries by being jarred from a buggy in crossing a railroad crossing, that if the jury found that defendant, in permitting, "if it did," the plank and rail to extend above the ground, "if it did," and defendant in permitting the ground and ballast to be lower between the north rails and the

south rail, "if it was," and that the dangerous condition, if any, of said crossing was the direct cause of plaintiff's being thrown from the buggy, "then to find for the plaintiff." *Held,* that the instruction was not on the weight of the evidence as assuming any fact.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

4. RAILROADS (§ 351*)—CROSSING ACCIDENTS —INSTRUCTIONS—DUTY OF COMPANY.

In an action against a railroad company for personal injuries by being jarred out of a buggy at a crossing because of the alleged bad repair of the crossing, the court instructed that if the tracks and the crossing were in a reasonably safe condition for the use of the public, or if the mule pulling the buggy was running away, or if plaintiff was thrown from the buggy on account of the speed of the mule, and not by the defective condition of the track, if any, or if he was thrown from the buggy at some other place than on the crossing caused from any other cause than from the defect, if any, of the crossing, then and in either event the jury should find for defendant. *Held,* that the instruction was not objectionable on the ground that it required defendant to maintain its crossing in a safe condition for travelers when their teams were running away.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1215; Dec. Dig. § 351.*]

5. RAILROADS (§ 351*)—CROSSING ACCIDENTS — INSTRUCTIONS — CONTRIBUTORY NEGLIGENCE.

The instruction was not ·objectionable as implying that the defense of contributory negligence was only available if the speed of the runaway mule alone threw plaintiff from the buggy.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1215; Dec. Dig. § 351.*]

6. TRIAL (§ 191*)—INSTRUCTIONS—WEIGHT OF EVIDENCE—ASSUMING FACTS.

The instruction was not objectionable on the ground that it assumed that the crossing was defective.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 420–431, 435; Dec. Dig. § 191.*]

7. RAILROADS (§ 351*)—CROSSING ACCIDENTS —CONTRIBUTORY NEGLIGENCE—KNOWLEDGE OF DEFECTS.

Since any contributory negligence of one injured by being thrown from a buggy at a railroad crossing by its alleged bad repair in rapidly driving the buggy over the crossing would necessarily involve his knowledge of the condition of the crossing, it was not error to charge that plaintiff must have known of the defective condition of the crossing in order to bar a recovery.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1193–1215; Dec. Dig. § 351.*]

8. TRIAL (§ 267*) — REQUESTS FOR INSTRUCTIONS—MODIFICATION—PROPRIETY.

The court should either give a requested charge as requested or refuse it in toto, and not give it as modified.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 668–672, 674; Dec. Dig. § 267.*]

9. RAILROADS (§ 324*)—CROSSING ACCIDENTS —CONTRIBUTORY NEGLIGENCE.

The mere fact that plaintiff's mule was going fast when going over a railroad crossing when plaintiff was thrown out does not of itself constitute contributory negligence, relieving the company of liability for the defective condition of the crossing.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1020–1025; Dec. Dig. § 324.*]

10. RAILROADS (§ 303*) — CROSSING ACCIDENTS—CONDITION OF CROSSING—DUTY OF COMPANY.

While a railroad company need not keep its highway crossings in such condition as would be necessarily safe for runaway teams, it must keep them reasonably safe for the use of the traveling public, and is negligent for not doing so.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 959–963, 966, 967; Dec. Dig. § 303.*]

Appeal from District Court, Hunt County; R. L. Porter, Judge.

Action by I. S. Gillenwater against the Missouri, Kansas & Texas Railway Company of Texas. From a judgment for plaintiff, defendant appeals. Affirmed.

Alex. S. Coke, of Dallas, and Dinsmore, McMahan & Dinsmore, of Greenville, for appellant. Evans & Carpenter, of Greenville, for appellee.

RAINEY, C. J. Appellee sued appellant to recover damages for personal injuries received by being thrown out of a buggy while crossing appellant's track at King street in the town of Greenville; the crossing at said point being out of repair. Appellant answered by general denial that the crossing was in reasonably safe condition, that appellee's mule took fright at something for which appellant is not responsible, and ran away with the buggy, and appellee was thrown from the buggy at the crossing; also by plea of contributory negligence. A trial resulted in a verdict and judgment in favor of plaintiff for $2,500, from which this appeal is taken.

Appellant complains because the court refused to instruct the jury to find a verdict for it on the ground, in effect, that the mule took fright and ran away over the crossing, and that appellee was thrown out of the buggy, which the evidence shows was the proximate cause of the injury, and consequently appellant is not liable therefor. The evidence shows that the mule took fright and ran along the street, but whether or not the appellee had checked up was more or less conflicting, but we conclude when the buggy struck the crossing the mule was traveling in a rapid trot. The crossing was in bad repair. There were holes between the rails and plank placed to cross on some six inches or more deep in which the wheels of a buggy would sink, and cause them to jolt when passing over. At least, we conclude the crossing was not in such repair as contemplated by the statute. Therefore the evidence was not of that conclusive nature as would have justified the court to give the charge requested.

[1] It may have been that, if the mule had not been·traveling so rapidly, appellee might have passed over the crossing without injury, but we think it clear, if the crossing had been in proper repair, no injury would have resulted to him. So it cannot be said that

the running away of the mule was the sole cause of the accident. We think it can be said, however, had the crossing not been in bad repair, the accident would not have occurred; therefore, the bad repair of the crossing was at least a concurring cause of the accident, liability for which appellant is responsible, unless appellee was guilty of contributory negligence. Eads v. City of Marshall, 29 S. W. 170; Railway Co. v. Davis, 53 Tex. Civ. App. 547, 116 S. W. 423.

[2] Numerous objections are urged to the fourth paragraph of the court's charge, which grouped the facts shown by the evidence entitling plaintiff to a recovery. This paragraph of the charge was prolix and embodied some matters that were uncontroverted, and to that extent, if anything, placed a greater burden on plaintiff than was necessary, but of this we think appellant has no cause of complaint.

[3] That the paragraph assumes as a fact, or is upon the weight of the evidence in the use of this language: "And if you further find that the defendant in permitting, if it did, the plank and rail to extend above the ground five or six inches, if it did, and the defendant, in permitting the ground and ballast to be lower between said rails then the south rail, if it was, and the dangerous condition, if any, of said crossing, was the direct and proximate cause of the plaintiff's being thrown from the buggy," etc.—we do not think correct. It clearly leaves the existence of these matters to the determination of the jury. The paragraph concluded: "Then you find for the plaintiff, unless you find for the defendant under the further instructions hereinafter given you." Then follows instructions presenting the defenses of the railroad relative to the crossing being in good condition for the use of the traveling public, the use of ordinary care by the road in so keeping it in repair, and contributory negligence on the part of plaintiff. The charge of the court, when considered as a whole, could not have been misleading to the jury, and no material injury resulted therefrom to the defendant.

[4-6] Appellant complains of the fifth paragraph of the charge, which reads: "But if you find from the evidence that the defendant railway company's tracks, and the crossing over the same at that time and place was in a reasonably good or safe condition for the use of the public, or if you find that the mule pulling said buggy was running away, and that plaintiff was thrown from the said buggy on account of the fact of the speed of said mule and not by the defective condition, if any, of the track, or if you find that the plaintiff was thrown from the buggy and injured at some other place, other than on said crossing, caused from any other cause other than the defect, if any, of the crossing, then and in either event, you will find for the defendant," for the reasons: "(1) The effect of said charge is that the defendant was bound to maintain its crossings in a condition safe to travelers when the teams were running away, and that there should be no condition of the track which would be unsafe for a traveler when his team was running away; and (2) the effect of the charge is that the defense existed only if the speed of the runaway mule alone threw plaintiff from the buggy; and (3) because the said paragraph of the charge is upon the weight of the evidence in that it assumes, or necessarily implies, that there was a defect in the crossing." The charge was favorable to the defendant, and we are unable to observe any merit in the objections urged.

[7] Error is assigned to the court's action for qualifying the fifth special charge given, which special charge is as follows: "If you believe from the evidence that as plaintiff was approaching the railway crossing on King street, and some little distance before he had reached this crossing the mule which plaintiff was driving took fright or shied at a bicycle ridden by some boys, and if you believe plaintiff's mule tried to follow the said bicycle, and that plaintiff to prevent such a happening whipped his mule and pulled it into the street leading to the said railway crossing and continued to whip and jerk his mule, and if you believe the said mule approached the said railway crossing traveling 'at an ambitious trot,' and if you further believe that plaintiff was acquainted with the situation of the said street and the said railway crossing, and if you believe that the plaintiff in so approaching the said railway crossing as above stated, if he did so approach it, failed to exercise that degree of care which a man of ordinary caution and prudence would have exercised under the circumstances, and that the plaintiff was therefore guilty of negligence, as that term is defined in the court's charge, and if you believe such negligence of the plaintiff, if any, caused or contributed to his injuries, then and in that event the plaintiff is not entitled to recover in this suit and you will return a verdict for the defendant." To which the court added a qualification as follows: "Provided you find that the plaintiff knew of the defective condition, if any, of the crossing."

[8] While it was not strictly proper for the court to qualify a special charge as it should either be given as requested or refused, still we do not think this reversible error. The question of negligence of appellee entered into the controversy and his knowledge of the condition of the crossing at the time was necessarily an element of negligence under the circumstances, and the action of the court in the respect complained of was harmless.

The refusal of the following charge is assigned as error, viz.: "Ordinary care is that degree of care which men of ordinary caution and prudence would exercise under the same or similar circumstances. The defendant in this suit was bound to construct and

maintain a crossing on its railroad over King street where plaintiff was injured which would be reasonably safe for the public desiring to use the street crossing by the usual and ordinary means employed for travel. The defendant did not owe plaintiff the duty of providing a crossing· on said street over its railway which would be safe for a traveler riding in a buggy which was drawn by a team running away. If you believe from the evidence that plaintiff's mule drawing the buggy in which he was riding while plaintiff was traveling toward the city of Greenville took fright some distance south of defendant's said railway crossing, and ran away with the buggy and ran over the defendant's tracks at the King street crossing, and that the plaintiff was thrown from the buggy and injured because the said team was running away and traveling at an excessive speed, if it was, then and in that event the defendant is not responsible for any damages suffered by the plaintiff; and, if you so believe, you will return a verdict for the defendant."

[9] The mere fact that plaintiff's mule was traveling at a rapid rate when crossing the track does not of itself constitute negligence and relieve appellant from responsibility. If the mule ran away without the fault of plaintiff, and appellant did not have its crossing in such repair as contemplated by the statutes, and the condition of the crossing which concurred with the speed of the buggy caused the injury, the appellant is liable.

[10] The law does not require a railroad to keep its crossings in such a state of repair as would be necessarily safe for runaway teams, but it does require them to be reasonably safe for the use of the traveling public, and, if such crossings are not kept in such a condition, it is guilty of negligence. The issues of the condition of the crossing, the negligence of the appellee, etc., were fairly submitted to the jury.

We have considered all other errors assigned, but, finding no reversible error, the judgment is affirmed.