PANHANDLE & S. F. RY. CO. v. WRIGHT-HERNDON CO. (No. 696.)

(Court of Civil Appeals of Texas. El Paso. May 3, 1917. Rehearing Denied May 24, 1917.)

1. CARRIERS ⬤⟷219(5)—CARRIAGE OF GOODS—LIABILITY FOR DAMAGE ON OTHER LINE.

Where turkeys were shipped over the S. road, and, at destination, the O. road switched the shipment from the S. tracks to the place of business of the shipper, the O. road acting as agent for the S. road, it was immaterial when the delay and rough handling which damaged the shipment occurred; the S. road being liable in either case, though the bill of lading limited its liability to damage occurring on its own line.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 950.]

2. TRIAL ⬤⟷191(6) — INSTRUCTIONS—ASSUMING FACTS—NEGLIGENCE.

In an action against a railroad for damage to a shipment of turkeys, the charge that, if the jury believed from the evidence that the consignment was roughly handled by the road and delayed, and that the delay and rough handling was the direct and proximate cause of the damage, they should find for plaintiff, was erroneous as assuming that rough handling was negligence as a matter of law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 429.]

3. TRIAL ⬤⟷279—PRESENTATION OF OBJECTION TO CHARGE.

In such action the fourth paragraph of the written objections to the charge, which complained that in submitting the issue of rough handling, the language placed a higher duty on defendant than the law required, in not requiring a finding of negligence, sufficiently indicated to the trial court the vice in the charge.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 690.]

Appeal from Nolan County Court; John H. Cochran, Jr., Judge.

Suit by the Wright-Herndon Company against the Panhandle & Santa Fé Railway Company and another. From the judgment, defendant named appeals. Reversed and remanded.

Beall & Douthit and Allen Wight, all of Sweetwater, for appellant. Grisham & Grisham, of Sweetwater, for appellee.

HIGGINS, J. This suit was brought by appellee against appellant and the Pecos & Northern Texas Railway Company for damages to a shipment of turkeys from Floydada, Tex., to Sweetwater, Tex., resulting from alleged delay and rough handling in transportation, resulting in a verdict for the plaintiff against the Panhandle & Santa Fé Railway Company.

Appellee loaded the car of turkeys at Floydada on December 11, 1914, completing the same at 6 p. m. The car moved out of Floydada on the first train after loading was finished, which was 8 a. m. December 12th; that being the schedule time for the departure of the train and the time at which plaintiff expected them to move. At some subsequent time the Santa Fé delivered the car to the Kansas City, Mexico & Orient Railway Company at Sweetwater. It does not appear from the record at what time such delivery was made nor what was the condition of the shipment at the time of such delivery. After delivery to the Orient, at a time not disclosed by the record, but not later than the morning of December 14th, the car was delivered by the Orient to the plaintiff at its place of business, and the turkeys were thereafter unloaded by appellee. The shipment was made under bill of lading issued by the Panhandle & Santa Fé Railway Company limiting its liability to damages accruing on its own line. The record fails to show any connection with the shipment by the Pecos

& Northern Texas Railway Company, and a verdict in its favor was instructed.

The first assignment of error complains of the refusal of a peremptory instruction to find for the appellant, these two propositions being urged in support thereof:

"(1) In an action against the initial carrier for negligent delay of an intrastate shipment of live poultry moving under a contract limiting the liability of the receiving carrier to damages accruing on its own line plaintiff cannot recover for delay unless such delay is shown to have occurred on the line of the receiving carrier.

"(2) In an action against the initial carrier for negligent, rough handling of an intrastate shipment for live poultry moving under a contract limiting to damages accruing on the line of the said receiving carrier, plaintiff cannot recover for rough handling not shown to have accrued on the line of the receiving carrier."

Under the facts of this case, the propositions stated have no application. The bill of lading issued was for through transportation from Floydada to Sweetwater. The connection of the Orient with the shipment was simply to switch the same from the Santa Fé tracks in Sweetwater to the place of business of appellee, which was situated on the tracks of the Orient. The record discloses that this switching operation was made by the Orient for the Santa Fé. The testimony upon this phase of the case is not altogether clear, but the plain inference to be drawn therefrom is that the switching operation was made by the Orient as an agent of the appellant in spotting the car at appellee's place of business.

[1] Under this state of facts it is immaterial whether the delay and rough handling occurred while the shipment was in the possession of the Santa Fé or the Orient. If it occurred while it was in the possession of the Orient, the Santa Fé would nevertheless be liable therefor. The peremptory instruction was therefore properly refused.

The second assignment complains of that portion of the seventh paragraph of the court's charge which reads:

"Bearing in mind the foregoing definitions, if you believe from the evidence that plaintiff's consignment was not handled within a reasonable time and was not delivered by the defendant, the Panhandle & Santa Fé Railway Company at Sweetwater to its connecting line, the Kansas City, Mexico & Orient Railway Company of Texas, for delivery to plaintiff within a reasonable time, and if you further believe from the evidence that the said consignment was roughly handled by said defendant, and that same was delayed, and that said delay and rough handling, if any, by defendant, was the direct and proximate cause of plaintiff's damage, if any, then you will find for the plaintiff. * * *"

[2] The objection made is that the charge is erroneous, in that it authorizes a recovery for rough handling without requiring a finding that appellant was guilty of negligence in so handling the same. The charge, in effect, treats rough handling as synonymous with negligent handling, when such may not

be the case. A certain degree of rough handling may have occurred even though the care of an ordinarily prudent person may have been exercised on the part of appellant's employés engaged in the transportation. It assumed that rough handling was negligence as a matter of law, which is not permissible. The charge was erroneous. Railway Co. v. James, 39 Tex. Civ. App. 408, 87 S. W. 730.

[3] Appellee makes the point that this objection to the charge was not presented to the court below as is required by law. In the fourth paragraph of the written objections filed by the appellant and called to the attention of the trial court it is expressly complained of the charge that in submitting the issue of rough handling the language placed a higher duty on the defendant than the law requires in not requiring a finding of negligence. This quite plainly indicated to the court the vice in the charge now considered.

The seventh assignment complains that the verdict is excessive. But, since the case must be reversed, it is unnecessary to pass upon this assignment.

The remaining assignments present different phases of the question raised by the first assignment, and are without merit and are overruled.

Reversed and remanded.