**WICHITA VALLEY RY. CO. v. MEYERS.
(No. 10075.)**

(Court of Civil Appeals of Texas. Fort Worth.
Dec. 2, 1922. Rehearing Denied
Jan. 20, 1923.)

1. **Railroads** ⚓303(1)—**Duty to keep right of way across public road or street in proper condition.**

It is the duty of a railroad, under both the statute (Rev. St. art. 6494) and the common law, to keep its roadbed and right of way across a public road or street in proper condition and in safe and suitable state of repair for the traveling public.

2. **Railroads** ⚓303(1)—**Cannot escape duty of restoring railway at road or street crossings over which it operates, whether by purchase, lease, or otherwise.**

Where a railroad is operating its trains over the track and road constructed by another railway company, whether by purchase, lease, or otherwise, it cannot escape the duty of restoring the railway over which it operates its cars across any public street or road, and the duty of restoring a road crossing, if it has not theretofore been restored, devolves upon it with like force as upon the railroad company originally constructing the road.

⚓For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**3. Trial** ☜253(9)—**Refusal of requested charge restricting issue as to cause of accident held not erroneous.**

In an action for injuries caused by the falling of a horse upon which plaintiff was riding on an alleged defective railroad street crossing, the refusal of a charge that the jury should find for defendant unless they found that plaintiff and his horse were injured by the horse hanging his shoe on a spike projecting from defendant railway's track *held* not erroneous, in view of evidence that accident might have been caused by the general unsafe condition of the crossing.

**4. Railroads** ☜348(1)—**Evidence held sufficient to support verdict for injuries on defective crossing.**

In an action for injuries to the horse and rider caused by the fall of the horse on a defective railroad crossing, evidence that only a portion of the crossing had been properly restored, and that such part could not well be used because of an obstruction, *held* sufficient to sustain a verdict for the plaintiff.

**5. Trial** ☜233(2)—**Reference to pleadings in charge where no issue presented not contained therein or without evidence to support it held not error.**

Where no issue was presented not contained in the pleadings or without evidence to support it, a mere reference in the charge that the jury in retirement would have the pleadings to better aid them in understanding the issues, but not to consider as evidence, was not error, under Rev. St. art. 1957.

**6. Negligence** ☜4—**"Ordinary care" defined.**

"Ordinary care" is that degree of prudence that an ordinarily prudent person would exercise under the same or similar circumstances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Ordinary Care.]

**7. Negligence** ☜1—**"Negligence" defined.**

A definition of "negligence" as a "failure to exercise ordinary care; it is the doing of that which an ordinarily prudent person would not do in the same or similar circumstances; or it is the failure to do that which an ordinarily prudent person would do in the same or similar circumstances," was correct, and not objectionable for use of "prudence" instead of "care."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Negligence.]

Appeal from District Court, Taylor County; W. R. Ely, Judge.

Suit by H. E. Meyers against the Wichita Valley Railway Company and another. From a judgment for plaintiff, the named defendant appeals. Affirmed.

Kirby, King & Keeble and Harry Tom King, all of Abilene, for appellant.

E. M. Overshiner, of Abilene, for appellee.

CONNER, C. J. The appellee, H. E. Meyers, instituted this suit against the Wichita Valley Railway Company, and the Abilene & Northern Railway Company, alleging them to be partners, for injuries alleged to have been sustained by him, and also for injuries to the horse which he was riding, by the horse falling with him on the railroad track of the defendant at a street crossing in the city of Abilene, Tex. The plaintiff alleged that the defendants were negligent in not properly constructing and maintaining their track at the crossing in question, and in failing to restore the street to its original condition, or in such a condition as not to unnecessarily impair its usefulness, and in failing to construct a crossing at said street and to repair and maintain the same, but, on the contrary, had permitted said crossing to become defective and out of repair, thus causing the horse to stumble and fall, with the resulting injuries set out in the record.

Defendants answered by general and special exceptions, general denial, a denial of the partnership alleged, and averred that they had constructed and maintained a crossing on the said street of sufficient width to accommodate the public that might travel thereon, and had kept the same in repair; that the defects complained of by plaintiff were obvious, and plaintiff was guilty of contributory negligence in failing to avoid the same, and in crossing at an unsafe place when he could have crossed at a place that was safe and in good condition.

The court instructed the jury to return a verdict for the Abilene & Northern Railway Company, of which no complaint is made on this appeal, and submitted the case as to the Wichita Valley Railway Company in a general charge. The jury returned a verdict in favor of the plaintiff for $690, judgment was rendered accordingly, and from such judgment the Wichita Valley Railway Company has duly appealed.

The principal questions presented on this appeal are those arising upon the objections to the following clause of the court's charge, to wit:

"Now as the law applicable to this case, I give you in charge the following: That if the streets in the city of Abilene were in existence prior to the construction of the defendant's line of railway, you are instructed that the defendants had the right to construct their railway along and across said streets, but it was their duty to restore said streets to their former state, or to such a state as to not necessarily impair their usefulness, and to keep the crossing where said railroad crossed said streets, in repair, and failure to perform this duty would be negligence. It was the duty of the defendants to put said streets in such condition as the use of the same by the public would not be materially interfered with, nor the streets rendered less safe or convenient for persons passing over them, except in so far as the diminished safety or convenience are un-

avoidable from any crossing of a railroad. And this duty is not discharged by restoring said street for only a part of its width if thereby the usefulness of said street is unnecessarily impaired."

The court further charged the jury that a failure to observe the duties required by the law as thus given would constitute negligence, etc. The charge was objected to upon the grounds, in substance, that the evidence showed that the line of railway had been constructed by the Abilene & Northern Railway Company, and not by the Wichita Valley Railway Company, which was only operating the line, and therefore not charged under the law with the duty of restoring the roadbed, crossings, etc. The insistence ' is that in so charging the court charged upon an issue not raised by the evidence, in that, as stated, there was no evidence that "showed that the defendant, the Wichita Valley Railway. Company, built the line of railway along the street as complained of by the plaintiff."

Article 6481, Rev. Statutes, provides that:

"Any railroad corporation shall have the right to construct and operate a railroad between any points within this state and to connect at the state line with railroads of other states."

Article 6485 provides that:

"Such corporation shall have the right to construct its road across, along, or upon any stream of water, water course, street, highway, plank road, turnpike, or canal which the route of said railway shall intersect or touch; but such corporation shall restore the stream, water course, street, highway, plank road, turnpike, or canal thus intersected or touched to its' former state, or to such state as not to unnecessarily impair its usefulness, and shall keep such crossing in repair."

Article 6494 reads:

"It shall be the duty of every railroad company in this state to place and keep that portion of its roadbed and right of way over or across which any public county 'road may run, in proper condition for the use of the traveling public; and, in case of its failure to do so for thirty days after written notice given to the section boss * * * where such work or repairs are needed by the overseer of such public road, it shall be liable to a penalty of ten dollars for each and every week such railroad company may fail or neglect to comply with the requirements of this article, recoverable in any court having jurisdiction of the amount involved in a suit in the name of the county in which the cause of action accrued."

[1] The duty of the railroad company to keep its roadbed and right of way across a public road or street in proper condition for the use of the traveling public, as prescribed by article 6494, is in accord with the decisions generally. See 33 Cyc. 273, par. C. It is there said:

"It is not sufficient for a railroad company properly to construct a crossing and to restore the highway crossed to a proper condition: but it is the duty of the company subsequently to keep and maintain the crossings in a safe and suitable state of repair, including not only the crossing of the tracks, but also the approaches thereto. This is a common-law duty."

[2] And it was held by our Supreme Court in the case of Railway Company v. Morris, 67 Tex. 692, 4 S. W. 156, that a corporation organized for public purposes cannot, except with the consent of the political authority which created it, render itself incapable of performing its corporate duties to the public, whether this be attempted by contract of lease, sale, or otherwise. To the same effect is the decision in the case of Railway Company v. Morris & Crawford, 68 Tex. 49, 3 S. W. 457.

The record fails to disclose the character of right, if any, under which the Wichita Valley Railway Company is operating its trains over the track and road constructed by the Abilene & Northern Railway Company; but, whatever may be the right acquired, whether by purchase, lease, or otherwise, it cannot escape the duty of restoring the railway over which it operates its cars across any public street or road. The duty to so restore a road crossing, if it has not theretofore been restored, devolves upon it with like force as upon the railroad company originally constructing the railroad. It is so said, in effect, in 33 Cyc. p. 280. The author there says:

"The duty of restoring, maintaining, and repairing highways crossed by a railroad is a condition inseparable from the right to cross, and attaches to whatever person or company exercises the franchise, and is therefore binding upon the successors of the company by which the crossing was originally effected, including purchasers at judicial sales. This duty is not affected by the fact that the railroad company may be insolvent and in the hands of a receiver, or the fact that a street railroad company whose tracks run along the highway is also under obligation to keep the highway between the rails of its tracks in repair; nor does the fact that the charter of the railroad company imposes certain₁ requirements as to crossings prevent the application of general statutory provisions not inconsistent therewith, or, in the absence of a contrary intention, express or implied, affect any common-law duties of the railroad company in this regard."

Our Supreme Court in the case of G., C. & S. F. Ry. Co. v. Newell, 73 Tex. 334, 11 S. W. 342, 15 Am. St. Rep. 788, in speaking on this subject declared:

"If its charter imposes upon it [the railroad] obligations and responsibilities continuous in their nature, in the discharge of which individuals, as distinguished from the public, have an interest, then such duties and obligations rest upon it in the hands of whomsoever may become the owner of its property and fran-

chise; and such subsequent owner would be bound by any covenant running with the property purchased."

Other authorities to the same effect might be quoted, but we think it apparent from the very nature of the subject that the duty of the appellant in this case to restore and maintain its highway across the street in question rested upon it with like force as upon the Abilene & Northern Railway Company, which constructed the road. It would be unreasonable and impracticable to hold that it could escape liability to its own passengers or to others having a right to use the crossing for a failure to so do merely because of the construction of the railroad by some person or corporation other than that of the person or corporation actually operating the line. No reversible error, therefore, was committed by the court in charging the jury that it was the duty of the appellant company to so restore and maintain the crossing in question as to not unnecessarily impair its usefulness and safety.

[3] For like reasons the court properly refused the special instruction of the appellant which eliminated from the consideration of the jury the question of the failure of the appellant to restore the street in question to its original condition, or in such condition as not to necessarily impair its usefulness. Nor do we think there was error in refusing appellant's special charge to the effect that the jury should find for the defendant unless they found from the evidence that plaintiff and his horse were injured by the horse hanging his shoe on a spike projecting from the defendant's railway track. While it is true that there was evidence tending to show that the injury thus occurred, and the appellee himself so stated in a writing signed by him soon after the injury, yet there was evidence also tending to show that it might have occurred by reason of the general unsafe condition of the crossing. Several witnesses testified to the effect that at the crossing as used by the public generally the ties were left uncovered and exposed, with one or more spikes projecting. Appellee also testified to the effect that his horse stumbled and fell upon him, and, while he thought the cause of his fall was from the hoof of his horse being caught in a projecting spike, nevertheless at the time he was so badly hurt he was not certain of this. And we think it was for the jury, under all of the circumstances, to weigh the evidence and determine therefrom what caused the fall, and appellant did not have the right to have the issue restricted as sought by the charge.

[4] We also think that the court's charge on the issue of appellee's alleged contributory negligence was sufficiently comprehensive, and sufficiently guarded appellant's rights, and, further, that the verdict of the jury in appellee's favor on this issue is suffi-

ciently supported by the evidence. It is true the evidence shows that at the crossing in question some 14 feet of the roadbed had been restored and was reasonably safe for the passage of travelers, and that, had appellee chosen to cross upon such restored part of the street, he might have avoided the injury that occurred. But it further appears that the restored portion of the crossing could not well be used, and was not used, by the traveling public because of an obstruction which rendered it reasonably necessary for travelers to detour from the restored portion of the crossing over and along that part of the track and crossing which had been left exposed, uncovered, and with projecting spikes, and the evidence showed that at the time of the fall of appellee's horse he was immediately upon that portion of the traveled way used by the public.

[5] A further contention of error is predicated upon an assignment objecting to that portion of the court's charge which instructed the jury thus:

"In your retirement you will have the pleadings of the plaintiff and the defendants with you, to better aid you in understanding the issues, but you cannot consider the same as evidence."

It has been held to constitute reversible error to refer the jury to the pleadings to ascertain the issues in cases where the pleadings contained several grounds of negligence, of which one or more were without evidence to support them. But in this case the court distinctly submitted the issues of negligence presented by the plaintiff's petition, and those issues are supported by the evidence, and no issue was presented not contained in the pleadings or without evidence to support it. Under such circumstances, a mere reference to the pleadings as contained in the charge cannot reasonably be held to constitute reversible error.

Article 1957, Rev. Statutes, reads, so far as pertinent:

"The jury may take with them in their retirement the charges and instructions in the cause, the pleadings and any written evidence, except depositions of witnesses."

The legislative purpose in so enacting seems difficult of explanation upon any other theory than that it would not be improper for the jury to refer to pleadings in order, as the court charged, to better understand the issues. At all events, under the circumstances of this case, as before stated, we find no error in the charge of the court in this respect.

[6, 7] Nor do we find error in the court's definition of "ordinary care." The charge was:

"'Ordinary care' is that degree of prudence that an ordinarily prudent person would exercise under the same or similar circumstances."

"'Negligence' is a failure to exercise ordinary care. It is the doing of that which an ordinarily prudent person would not do in the same or similar circumstances; or it is the failure to do that which an ordinarily prudent person would do in the same or similar circumstances."

The only criticism is that the court used the word "prudence" rather than the word "care"; but the criticism is without merit.

A number of other objections to the evidence are presented in the briefs, but we find nothing meriting a discussion. All assignments of error and propositions in behalf of appellant are accordingly overruled, and the judgment is affirmed.