JONES et al. v. HESTER et al. (No. 1822.)

Court of Civil Appeals of Texas. Beaumont.
March 28, 1929.

Major T. Bell and Orgain & Carroll, all of Beaumont, for appellants.

Howell & Howell and C. A. Lord, all of Beaumont, for appellees.

WALKER, J. Appellees' motion to strike the statement of facts and appellant's bill of exception No. 1 is overruled. The term of court at which this case was tried convened on May 7th and closed on the 15th day of September, 1928. The verdict was returned in this case on the 7th day of June, but appellees' motion for judgment thereon was not granted until the 14th day of September, on which day appellant's motion for new trial was overruled and he was granted 90 days after that date in which to have approved and filed his statement of facts and bills of exception. Appellant filed a supersedeas bond on October 3d. The statement of facts was filed in the trial court on the 11th day of December, and his bill of exceptions on the 12th. He filed transcript and statement of facts in this court on December 29th. Article 2246 (Rev. St.) provides, in part: "If the term of court may by law continue more than eight weeks, the statement of facts and bills of exception shall be filed in the trial court, within ninety days after final judgment." The statement of facts and bills of exception in this case were duly filed.

Appellee Mrs. S. R. Hester, joined pro forma by her husband, S. R. Hester, sued W. D. Baker and appellant Ira Jones to recover damages for the death of her son, T. E. Hallett, who was killed in a collision between an automobile driven by appellant and a truck driven by one of Baker's employés. The deceased was also an employé of the defendant Baker, and at the time of the collision was riding in the truck. Both the driver and the deceased were, at the time of the collision, in the due discharge of their duties to their employer, defendant Baker. The jury convicted appellant of driving his car at a negligent rate of speed, which was found to be a proximate cause of the collision. The driver of the truck was convicted of negligence in failing to stop his truck before the collision occurred, which was found to be a proximate cause of the collision. It was also found that neither the negligence of appellant nor the negligence of the driver of the truck was the sole proximate cause of the collision. The jury further found that the collision was not the result of an unavoidable accident. It was also found that the deceased relied upon the truck driver to "keep

a proper control over the truck and that he was not negligent in so doing.". Appellees' damages were fixed by the jury at $5,000, for which sum judgment was awarded.

### Opinion.

Appellant assigns error against the court's charge on the burden of proof, which was as follows: "The burden rests upon the plaintiffs to establish by a preponderance of the evidence the facts necessary to their recovery." All questions submitting the issue of negligence required a "yes" or "no" answer, and in connection with these issues, and as a part of each of them, the jury was instructed: "Answer 'yes' or 'no' as you find the facts to be." The court's charge on the burden of proof in this case is identical with the charge on that issue in Linn Motor Co. v. Emilie Wilson et vir., 14 S.W.(2d) 867, by this court, in which the opinion was by the Chief Justice. We there held that the charge was reversible error, and, after again reviewing the propositions advanced on the authorities cited in that case, adhere to the conclusion there expressed.

That the jury was required to "answer 'yes' or 'no' as you find the facts to be" does not relieve the charge of error. An identical instruction was given in the Linn Motor Co. Case. We think Wootton v. Jones (Tex. Civ. App.) 286 S. W. 680, is direct authority on the proposition that the additional charge in connection with each issue did not relieve the main charge of the errors assigned.

The charge on proximate cause in this case is identical with the charge given in the Linn Motor Co. Case, supra, and what was there said disposes of that assignment of error here.

The court erred in refusing the following requested issue: "Did the said Hallett keep a proper lookout for other automobiles as he approached the intersection of Magnolia Avenue and Liberty Street on the occasion in question?" At the time of the collision Hallett was riding on the seat with the driver. There was evidence to the effect that the truck was being driven at a speed of 35 or 40 miles an hour. The jury found the speed at 20 to 25 miles per hour. One witness testified that he heard the roar and rumble of appellant's car some distance from the street intersection. The deceased was seated between the driver and the approaching car of appellant, but did not ask that the truck be stopped. The evidence raised the issue of negligence against the deceased in failing to keep a proper lookout, which the court erred in refusing to submit to the jury.

The trial court excluded, as against appellant, the statement made to appellee by her son about an hour after the collision, which relieved that evidence of error.

The following charge was given on the measure of damages:

"What damages, if any, has the plaintiff, Mrs. S. R. Hester, sustained on account of the death of her son, T. E. Hallett? Answer by giving the amount in dollars, if you find that she sustained damages, or answer 'none,' if you find that no damages were sustained.

"If you find that the plaintiff, Mrs. S. R. Hester, has sustained damages on account of the death of her son, you may assess the damages at such sum of money as you believe from the evidence will be equal to the present money value (if paid now all at one time) of the reasonable value of the services of said minor until he arrived at twenty-one years of age, and of such aid, if any, as the plaintiff, Mrs. S. R. Hester, had a reasonable expectation of receiving from the deceased, T. E. Hallett, after he was twenty-one years old, if he had lived."

No error was committed in refusing to define the term "aid," as used in this charge. Appellant further objected to this charge on the ground that the recovery for aid "was not limited to the present monetary value if paid in a lump sum." As the case is to be tried again, it is not necessary to discuss this assignment further than to say that the objection, whether valid or not, can be obviated by rewriting the charge. Appellant also objected to this charge on the ground that it "failed to exclude from the consideration of the jury in assessing the damages, the items of grief, loss of companionship, sorrow, and disappointment." In view of the holding of the Commission of Appeals in Hines v. Kelley, 252 S. W. 1033, we suggest that this criticism be met on another trial.

Reversed and remanded.