ST. LOUIS, S. F. & T. RY. CO. et al. v.
HOUZE.

No. 3408.

Court of Civil Appeals of Texas.    Amarillo.
April 30, 1930.

Rehearing Denied June 4, 1930.

G. E. Hamilton, of Matador, and C. Y. Welch, of Quanah, for appellants.

Berry, Stokes, Warlick & Gossett, of Vernon, for appellee.

HALL, C. J.

The appellee, Mrs. Houze, sued the St. Louis, San Francisco & Texas Railway Company and the Quanah, Acme & Pacific Railway Company to recover damages in the sum of $24,000 for the death of her husband, $400 damages for injuries to an automobile, and $419.90 as the funeral expenses, which damages she alleges resulted from an accident in which her husband was killed at a highway crossing near Quanah from a collision with one of appellants' passenger trains on the 3d day of October, 1928. She alleges that her husband drove his automobile onto the crossing and was killed by the train as a result of the negligence of appellants in maintaining said crossing in a rough and dangerous condition.

As further acts of negligence, she alleges that the train was being operated at an excessive rate of speed; that deceased's view of the crossing and the train was obscured by weeds, bushes, etc.; that the track was constructed on a curve and in a cut which obscured the view of the deceased; that certain buildings in the town of Quanah were so constructed as to form a dark background, making it difficult to see the train as it approached said crossing; that the operatives failed to keep a lookout for persons approaching the crossing, and further alleged that the servants of the appellants discovered the peril of deceased in time to have prevented the accident if they had properly used the means at their command; that the defendants failed to blow the whistle and ring the bell for the crossing.

The defendants answered, alleging, in substance, that the train was carefully operated by competent servants; that the whistle was blown and the bell rung as required by law; that after discovering the deceased's perilous position, all means at the command of said servants were used to avert the accident; that there were no weeds, bushes, or trees to obstruct the view and no cut or curve that would interfere with his ability to see the approaching train, but that the deceased failed to look or exercise any care before going on the track; that the injuries complained of were the direct and proximate result of deceased's contributory negligence; that deceased knew the condition of the crossing, lived in sight of and within a mile of it and had crossed it daily for a long while and knew the schedules of its trains.

The case was submitted to a jury upon special issues and resulted in a verdict against the Quanah, Acme & Pacific Railway alone, and judgment based upon the verdict was entered in appellee's favor for $9,500 by reason of the death of her husband, for $419.90 as funeral expenses, with interest thereon from October 3, 1928, and $410 damages to the automobile.

In response to the special issues, the jury found, in substance, as follows:

(1) That P. E. Houze was not guilty of contributory negligence in driving upon the railroad track.

(2) That the condition in which the defendants maintained the crossing at the time of the death of Houze constituted negligence.

(3) That such negligence was a proximate cause of the death of Houze and of the damages to the automobile.

(4) That the engineer failed to blow the whistle within such distance from said crossing and in such manner as to give Houze reasonable notice of the approach of the train.

(5) That such failure to blow the whistle constituted negligence.

(6) .That such negligence was a proximate cause of the death .of Houze and of the injuries to the car.

(7) That the engineer did not see and did not discover the peril of Houze in time when, by the use of every means within his power, consistent with the safety of the train, the accident could have been avoided.

(8) The operatives of the train failed to blow the whistle 80 rods from the crossing.

(9) That such failure was a proximate cause of the death of Houze and of the damages to the car.

(10) That $9,500, if paid now, would be fair compensation to the plaintiff for the pecuniary loss sustained by her in the death of her husband.

(11) That cash market value of the automobile immediately before the accident was $450.

(12) That its reasonable cash market value immediately after was $40.

(13) That the reasonable amount of the funeral expenses was $419.90.

·(14) That the operatives in charge of the engine rang the bell at a point 80 rods from the crossing and kept said bell ringing until the crossing was reached. '

██ It is contended by the appellants that it was error for the court to refuse to permit them to prove, on cross-examination of plaintiff, that she and deceased knew of the condition of the crossing all the while, but had never made any complaint to either of the defendants or commissioners' court about its condition.

Revised Statutes, article 6320, provides that a railroad has the right to construct its line of road across a highway, and that such corporation shall restore the highway to its former state or to such state as not to unnecessarily impair its usefulness, and shall keep such crossing in repair. The duty imposed by this article of the statute requires such corporation to take notice of the condition of such crossings and to be informed at all times as to any defects therein. Galveston, H. & S. A. Ry. Co. v. Rodriguez (Tex. Com. App.) 288 S. W. 151; Wichita Valley Ry. v. Meyers (Tex. Civ. App.) 248 S. W. 444; Gulf, C. & S. F. Ry. v. Woods (Tex. Civ. App.) 262 S. W. 229; Missouri, K. & T. Ry. Co. v. Gillenwater (Tex. Civ. App.) 146 S. W. 589; Texas Central Ry. v. Randall, 51 Tex. Civ. App. 249, 113 S. W. 180, 181.

Revised Statutes, article 6327, also requires railway companies to keep their roadbeds and rights of way over and across any public road in proper condition for the use of the traveling public, but notice of the defective condition of such road is not required unless the complaining party seeks to recover the penalty of $10 per week provided by such article.

In addition to what has been said, we will state that it reasonably appears from the record that the officials of the appellants had actual notice of the condition of the crossing at the time of the accident.

The language of special issue No. 1 is: "Do you find from the evidence and in the light of attending circumstances that P. E. Houze was, in driving upon the railroad track, guilty of contributory negligence, as that term has been defined to you?"

██ By proposition No. 6, the appellants contend that the court erred in asking the jury whether they found "in the light of attending circumstances," because it authorized the jury to go outside of the evidence and consider all attending circumstances. This contention is without merit. In the first paragraph of the charge, the court said: "I shall ask you certain questions which you will answer as best you may from the evidence you have heard on the trial of the case and from that alone. * . * * Answer each question having regard solely to the truth of the matter therein inquired about as nearly as you may be able to ascertain it from the evidence admitted on the trial of this case and from that alone."

In the case of Walcott v. Brander et al., 10 Tex. 419, the court charged the jury: "That fraud may be proved by circumstances, and that they must therefore look to all the circumstances connected with the transaction."

The same objection here urged was made to the charge in that case. The court said: "The common sense meaning of the language is that they are to look to the circumstances in proof, and it would be so understood by a juror, of ordinary understanding. It would be a forced and strained construction, to say it authorized them to go outside of the testimony, and look to circumstances not in proof; and to claim a reversal on such a ground, would be to ask this Court, as it was merely possible that a very stupid man may have misunderstood the Judge, therefore this Court ought to presume that he had been so misunderstood, in his charge, and reverse the judgment. The correct rule is the very reverse." Texas & N. O. Ry. v. Diaz (Tex. Civ. App.) 234 S. W. 919.

The charge must be construed as a whole, and taking the above-quoted language from the first paragraph in connection with the language objected to, a jury of ordinary intelligence must necessarily understand that they could not consider matters not shown by the evidence, even though alleged in the pleading. '

█ Special issue No. 1, above quoted, was the only issue which the court submitted relative to contributory negligence.

The appellants requested the following special issue: "Did deceased, P. E. Houze, know or could he have known, by the exercise of ordinary care, of the alleged rough and dangerous condition of the crossing (if it was rough and dangerous), at which he was killed, at or before the time he went on it and was killed?"

In connection with this special issue, appellants also requested special issue No. 5, as follows: "In attempting to cross the railroad track with the full knowledge he had of its condition and the condition of the crossing, was the deceased guilty of contributory negligence in the manner he undertook to cross said track?"

The rule in death cases, in regard to the submission of the issue of contributory negligence, is that the court should submit, if requested by defendant, all special issues presenting the several grounds of contributory negligence separately and distinctly, without being intermingled with each other. Dallas Hotel Co. v. Fox (Tex. Civ. App.) 196 S. W. 647; Id., 111 Tex. 461, 240 S. W. 517. And it is also held that the several acts may be grouped (St. Louis Southwestern v. Samuels, 103 Tex. 54, 123 S. W. 121) the court did neither in this case. By proper objections to special issue No. 1, or by requesting special issues presenting the defense of contributory negligence, appellant could have had the defect or omission in the court's charge reviewed upon appeal. Gulf, C. & S. F. v. Conley, 113 Tex. 472, 260 S. W. 561, 32 A. L. R. 1183. The two special issues above relate only to the knowledge Houze may have had of the condition of the crossing. This was not a controverted issue. According to all the testimony, he must be presumed to have known that it was rough and defective. The objection to the charge and to issue No. 1 was too general and did not specifically point out the error and omission. Wichita F. Ry. et al. v. Emberlin (Tex. Civ. App.) 274 S. W. 991; Gulf, C. & S. F. Ry. v. Hines (Tex. Civ. App.) 4 S. W.(2d) 641; Walker v. Haley, 110 Tex. 50, 214 S. W. 295; Schaff v. Lynn (Tex. Civ. App.) 238 S. W. 1034; Panhandle & S. F. Ry. v. Wright-Herndon Co. (Tex. Civ. App.) 195 S. W. 216.

The objection to special issue No. 1 is that it is insufficient to properly present the question of the deceased's contributory negligence to the jury, as it should be presented, and that the charge "as a whole nowhere contains a proper issue on the question of contributory negligence."

The court did not err in not directing a verdict for the appellants. Negligence, whether of the plaintiff or defendant, is usually a question of fact. It is never a question of law to be decided by the court except when the negligence alleged is in violation of some law, or when facts are undisputed and admit of but one inference regarding the care of the party in doing the act in question. In other words, before the court is authorized to take the question from the jury, the evidence must be of such character that there is no room for ordinary minds to differ as to the conclusions to be drawn from it.

The appellee alleged that the crossing in question was in bad condition and negligently maintained. The jury so found, and the evidence supports the finding. The jury also found that the appellants failed to whistle for the crossing at the 80-rod whistling post. There was some evidence tending to show that the car in which Houze was riding stalled on the crossing immediately before the collision. Other witnesses had testified that the crossing was in such bad condition that in attempting to drive over it their automobiles had almost stopped, and one witness said that his engine was killed and the car completely stopped because of the rough condition of the crossing. There was further evidence tending to show that the engineer failed to keep a proper lookout and to warn Houze. It was not shown by undisputed testimony that the deceased failed to stop, look, and listen before driving upon the track, but even such a failure on his part would not convict him of contributory negligence as a matter of law. Trochta v. M., K. & T. Ry. Co. (Tex. Sup.) 218 S. W. 1038; Missouri, K. & T. R. Co. of Texas v. Merchant (Tex. Com. App.) 231 S. W. 327; St. Louis, S. F. & T. Ry. v. Morgan (Tex. Civ. App.) 220 S. W. 281, 282; Id. (Tex. Com. App.) 239 S. W. 607.

It is said in the Morgan Case: "We agree that * * * there was no obstruction between the deceased and the train which would have been in the way of his seeing the train as he approached the crossing, and therefore that deceased must have seen the train if he exercised care to ascertain if it was approaching the crossing, but we do not think the finding was therefore contradictory of the one that he was not 'reckless or careless in driving onto the crossing.' It did not follow as a matter of law that deceased was guilty of contributory negligence if, seeing the train approaching, he nevertheless undertook to drive his automobile over the crossing."

In Gulf, C. & S. F. Railway Co. v. Gasscamp, 69 Tex. 545, 7 S. W. 227, 228, the court said: "According to the rule in this court, in order that an act shall be deemed negligent per se, it must have been done contrary to a statutory duty, or it must appear so opposed to the dictates of common prudence that we can say, without hesitation or doubt, that no careful person would have committed it." Lancaster v. Browder (Tex. Com. App.) 256 S. W. 905; Gulf, C. & S. F. Ry. v. Anderson, 76 Tex. 244, 13 S. W. 196; International & G. N. Railway Co. v. Tinon (Tex. Civ. App.) 117 S. W. 936.

The court submitted an issue with reference to whether the appellants blew the whistle 80 rods from the crossing. This was answered in the negative. The further issue was submitted, inquiring whether the engineer discovered the peril of Houze in time to have avoided the accident. This was answered in the negative.

The court also submitted special issue No. 4 as follows: "Do you find from the evidence and in the light of attending circumstances that the engineer, as he approached the crossing, failed to blow the whistle within such distance from said crossing, and in such manner as to give the said Houze reasonable notice of the approach of the train?" This was answered in the negative.

The appellants insist that in the light of the two other issues submitted, the submission of issue No. 4 was prejudicial, as it presupposes a duty upon the part of appellants to whistle at any point which the jury might decide was required, in order to give the deceased reasonable notice that the train was coming. We think the pleadings of the appellants, affirmatively alleging that the operatives were exercising reasonable diligence to discover persons approaching the crossing and that, when they discovered that deceased was likely not going to stop his car, they used all the means at their command to stop the train and reduce its speed, and the evidence of the fireman and engineer, with reference to this issue, justified the court in submitting it. We are not prepared to say that the submission of the issue was prejudicial to appellants. If the jury had answered it in the affirmative, the effect of such answer would have been to relieve the appellants of the charge of negligence in failing to blow the whistle at 80 rods distant. If it be admitted, however, that the submission of this issue was error, it is harmless.

The finding of the jury that the crossing was defective and dangerous, and that its condition was the proximate cause of the damages, is sufficient to support the judgment, the rule being that where several grounds of negligence are alleged, error committed with reference to one of the grounds only is harmless if the record is sufficient to sustain the judgment upon any other independent ground of negligence. St. Louis, B. & M. Ry. Co. v. Cole (Tex. Civ. App.) 4 S. W.(2d) 1019; Eastern Texas Electric Co. v. Hunsucker (Tex. Civ. App.) 230 S. W. 817; International & G. N. Ry. Co. v. Berthea (Tex. Civ. App.) 179 S. W. 1087.

The court submitted the following special issue numbered 10: "What sum of money, if paid now, will be a fair compensation to the Plaintiff, Mary M. Houze, for the pecuniary loss sustained by her in the death of her husband, P. E. Houze? Answer in dollars and cents, if any."

The appellants objected to this issue because it failed to instruct the jury that they could deduct from the earnings of the deceased the expenses incurred in earning such sum, and because the charge as a whole nowhere instructs the jury that, in arriving at the pecuniary loss sustained by the plaintiff on account of the death of her husband, they should deduct the expenses incident to his earning.

Appellants also submitted the following instruction in connection with issue No. 10, which was refused by the court: "In connection with Special Issue Number Ten, you are instructed that no recovery can be had by Plaintiff for mental grief or agony, and that you should fix her compensation at such sum as you believe from the evidence will be equal to the present value, if paid now, of such pecuniary aid as plaintiff had reasonable expectation of receiving from the deceased, P. E. Houze, if he had lived, and you are further instructed that in arriving at such sum you should deduct the expenses that should be incurred by the said P. E. Houze in making such money."

We sustain appellants' contention that such instruction should have been given the jury in connection with issue No. 10. In death cases, the charge upon the measure of damages should expressly exclude from the jury's consideration the elements of grief, loss of society, mental pain, and anguish, and the failure to do so is affirmative error. If objection is made to the charge upon that ground, the defendant is not required to request further instructions excluding such elements. Hines v. Kelley (Tex. Com. App.) 252 S. W. 1033; International & G. N. Ry. Co. v. McVey, 99 Tex. 28, 87 S. W. 328; Gulf, C. & S. F. Ry. Co. v. Farmer, 102 Tex. 235, 115 S. W. 260; Branton v. Robertson (Tex. Civ. App.) 14 S.W.(2d) 887; Jones v. Hester (Tex. Civ. App.) 16 S.W.(2d) 399.

Appellee, the wife of deceased, was permitted, over the appellants' objections, to testify as follows: "I opened the door and crawled into the car and laid my hand on his head. I picked his arm up and it was broken and there was a hole here (indicating) in his head. If I remember right, it was his right arm that was broken."

The general rule with reference to such testimony in death cases is correctly stated in 17 C. J. 1307, § 170, as follows: "Where there is no controversy as to the fact or manner of death, evidence as to the condition of the body of the deceased, when found after the accident, is inadmissible; but where defendant has, by general denial, put in issue every fact it is not error to admit evidence as to the appearance and condition of the body of the deceased, tending to throw light upon the cause of the accident. It has been held that evidence as to the nature of the injuries which

870

caused the death is admissible where the court specifically charges that nothing can be allowed for pain and suffering of deceased nor for the grief or distress of anyone."

The case of Gulf, C. & S. F. Ry. Co. v. Johnson, 10 Tex. Civ. App. 254, 31 S. W. 255, is cited in support of the first sentence of the text. Reference to that case shows that there was some controversy as to the fact and manner of the death of the deceased, and as to the cause of the accident.

While the appellants in this case filed a formal general denial, the record fails to disclose that appellants in any way denied the fact of the death of Houze or that it resulted from the collision between its train and the automobile which Houze was driving. We are strongly inclined to the opinion that there was error in the admission of this testimony and that it should not be repeated upon another trial. Dreiss v. Friedrich, 57 Tex. 70; Gulf, C. & S. F. Ry. v. Beall (Tex. Civ. App.) 43 S. W. 605.

By several propositions, the appellants insist that the evidence is insufficient to sustain the findings of the jury. In view of another trial, it is not proper for us to discuss the weight or sufficiency of the evidence.

Only $400 damages to the automobile was prayed for, and the jury found its value before the accident to be $450, and its value after the accident to be $40. Judgment was rendered for $410, being in excess of the amount prayed for. Only one witness testified as to the value of the car immediately before the accident and fixed the value "somewhere from $350.00 to $375.00, somewhere along there." It is clear that the verdict is not supported by either the pleadings or the evidence. Appellants offer to enter a remittitur, but since the judgment must be reversed upon other grounds, counsel's attention is called to this error.

█ The verdict of the jury fixed the amount of the funeral expenses at $419.90 and there was no proof that such expenses were reasonable, and the proposition based upon this condition of the record must be sustained. When funeral expenses are claimed as an item of damages, the amount so claimed must be shown to be reasonable, and the verdict must be sustained by pleadings and evidence. Rishworth v. Moss (Tex. Civ. App.) 191 S. W. 843, 851, and authorities there cited.

█ The court did not err in refusing the appellants' charge with reference to the speed of the train in approaching the crossing. Whether the speed at which the train was moving constituted negligence is an issue of fact, and, under the record in this case, the court would have erred in instructing the jury that the movement of the train at 20 to 30 miles was not negligence, as a matter of law.

█ The judgment is also erroneous in allowing interest at the rate of 6 per cent. from October 3, 1928.

For the errors pointed out, the judgment is reversed, and the cause is remanded.

On Motion for Rehearing.

By a carefully prepared and persuasive motion for rehearing, appellee attacks that part of our original opinion reversing the judgment because the trial court erred in giving special issue No. 10 and in refusing to give appellant's requested special issue No. 8.

The court's issue No. 10 inquired of the jury what sum, if paid now, would be fair compensation for the pecuniary loss sustained by plaintiff, but failed to instruct the jury that, in arriving at such sum, they should not take into consideration either grief, sorrow, mental anguish, loss of society, companionship, etc.

█ It is first insisted in the motion that we are in error because special issue No. 10 was not affirmatively erroneous. We think the failure of the court to exclude these elements in estimating the damages has been held by the Supreme Court to be affirmative and positive error in the cases cited in the original opinion and in Houston & T. C. Ry. Co. v. Gant (Tex. Civ. App.) 175 S. W. 745; and Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Tex. 459, 29 S. W. 376. It is true that the appellant did not object to special issue No. 10 because it failed to exclude the above-mentioned elements upon which damages might have been assessed. The only objection to the issue was that it did not instruct the jury to deduct from earnings of the deceased Houze such expenses as might have been incurred in earning the same. It is questionable whether expenses should be deducted except where damages are sought by a parent for the death of a minor child. However, we do not decide that question, and even if it be held that the objection was insufficient, nevertheless, by specially requested issue No. 8, appellant called the court's attention to the fact that special issue No. 10 was defective in failing to instruct the jury that no recovery could be had by plaintiff for "mental grief or agony." It may be admitted that requested special issue No. 8 was insufficient, in that it did not ask the court to also exclude loss of society, companionship, and other proper elements, but it was correct as far as it went, and was therefore sufficient to call the court's attention to the error in omitting the elements of mental grief and agony, and even though defective in other particulars, it was sufficient to call the court's attention to the elements pointed out and to have required the court to correct special issue No. 10 in the particulars specified. Western Union Telegraph Co. v. Coleman (Tex. Civ. App.) 284 S. W. 279; Graves v. Haynes (Tex. Com. App.)

231 S. W. 383; Galveston, H. & S. A. Ry. Co. v. Worthy, supra.

As further ground urged in the motion, the appellee insists that because appellant made no objection to the verdict of the jury as being excessive, the failure of the court to exclude the elements of mental anguish, sorrow, etc., is not available to appellant. This contention was passed upon in the Gant Case, supra, in which the identical question was disposed of by Judge Key, who said such an error in an instruction could not be regarded as harmless, though defendant made no complaint that the verdict was excessive.

None of the cases cited by appellee are in point upon the matters urged in the motion.

Appellee does not question the correctness of our holding upon the other errors pointed out in the original opinion, and, while the question raised is not entirely free from doubt, we overrule the motion.