GULF, COLORADO & SANTA FE RAILWAY COMPANY v. C. W. FARMER
ET AL.

No. 1883.  Decided January 13, 1909.

**1.—Charge—Causal Connection.**

An instruction permitting recovery if injury was caused by defendant's negligence, to deceased for whose death the action was brought, ignoring the causal connection between the injury and the death, though erroneous, was not ground for reversal where, by other parts of the charge, the necessity for such causal connection was clearly required.  (Pp. 237, 238.)

**2.—Requested Charge.**

Requested instructions were properly refused, though correct, where the matters embraced were sufficiently covered by the charge given.  (P. 438.)

**3.—Injuries by Death—Mental Suffering—Charge.**

The damages recoverable for injuries resulting in death are limited to compensation for the pecuniary loss suffered by the plaintiffs and it was error to refuse a requested instruction excluding from consideration their mental suffering, sorrow, or distress of mind.  (Pp. 238, 239.)

**4.—Injuries by Death—Damages—Medical Treatment.**

A husband could recover as damages for personal injuries to his wife the expenses incurred for medical treatment of such injuries, though death resulted; and he may have recovery therefor in a suit by himself and daughter for the damages resulting to them by the wife's death, at least where no exception was interposed to a petition seeking recovery on both grounds.  (Pp. 239, 240.)

**5.—Argumentative Charge.**

An instruction correct in law may be properly refused when it is argumentative.  (P. 240.)

**6.—Medical Expert—Cross-Examination—Medical Authorities.**

A witness testifying as a medical expert may be cross-examined as to his knowledge of and agreement with passages in standard medical works treating of the subject in issue; and it is not improper, even fair to the witness, to give the name of the author from whom the extracts about which he is questioned are quoted.  (Pp. 240, 241.)

**7.—Evidence—Hearsay.**

On the question whether death was caused from injuries received on a railway, or from a tumor for which deceased had just before undergone a surgical operation, testimony by a witness that the hospital surgeon said she would not recover from the tumor was mere hearsay.  (P. 241.)

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Johnson County.

C. W. and Lota Farmer sued the railway company for damages resulting from the death of his wife, the mother of Lota.  Plaintiffs recovered judgment, which was affirmed on appeal by defendant, who then procured writ of error.

*Terry, Cavin & Mills, Brown & Lomax* and *Chas. K. Lee,* for plaintiff in error.—In this case plaintiffs could not recover, unless the injuries received resulted in Mrs. Farmer's death.  Under the charge, however, the jury were told to find for the plaintiff, if they found Mrs. Farmer received an injury in the wreck, regardless of whether the injury resulted in death or not, which was clear and absolute error.  That it is error for the court to give contradictory instructions: San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 277; Sabine & E. T. Ry. Co. v. Hanks, 79 Texas, 642; Galveston, H. & S. A. Ry. Co. v. Daniels, 1 Texas Civ. App., 695; Baker v. Ashe, 80 Texas, 356; San Antonio & A. P. Ry. Co. v. Jazo, 25 S. W., 712; Gulf, C. & S. F. v. Welch, 27 S. W., 166.

A medical expert may be cross-examined generally as to the views of standard medical works, for the purpose of testing his knowledge and capacity, whether he has referred to the works in his examination in chief or not, or whether he has relied upon them in forming his

opinion. Egan v. Dry Dock R. R. Co., 12 Appellate Division (New York), 556; Hutchinson v. State, 19 Neb., 262; Hess v. Lowrey, 122 Ind., 225; Fisher v. Southern Pac. Ry., 89 Cal., 399.

*John Baker, J. P. Word* and *Walker & Baker,* for defendants in error.—The court did not err in modifying special charge No. 6 and in eliminating the latter part of the charge, for the reason that, in the part given, the jury was charged that in no event could the plaintiffs be awarded damage "by reason of the loss of the society, love, affection or comfort of Mrs. Farmer as wife and mother respectively." It would have been a double charge on the same question to have given the part eliminated. McGown v. International & G. N. Ry. Co., 85 Texas, 289; Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas, 244; Missouri, K. & T. Ry. Co. v. Miller, 25 Texas Civ. App., 460; Chicago, R. I. & G. Ry. Co. v. Trippett, 111 S. W., 761; Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Texas, 459.

The following cases hold that an expert witness or physician who has not referred to scientific works on direct examination or based his opinions or conclusions on them, can not, on cross-examination, be examined in reference to his knowledge of recognized authorities or as to whether he agrees with the authorities. Bloomington v. Shrock, 51 Am. Rep., 679; Butler v. South Carolina, G. & E. Ry. Co., 40 S. E., 770; People v. Goldstein, 78 Cal., 328; Hall v. Murdock, 72 N. W., 150; Knoll v. State, 12 N. W., 369; 55 Wis., 249; 42 Am. Rep., 704; People v. Millard, 53 Mich., 63; 18 N. W., 562; McFarland's Trial, 8 Abb. Pr. (N. S.), 57; Forest City Ins. Co. v. Morgan, 22 Ill. App., 198; Davis v. State, 38 Md., 15; Davis v. United States, 165 U. S., 373; Marshall v. Brown, 50 Mich., 148.

MR. CHIEF JUSTICE GAINES delivered the opinion of the court.

This suit was brought by C. W. Farmer and his daughter, Lota Farmer, to recover of the defendant company damages for injuries inflicted upon Mrs. Frankie M. Farmer, who was the wife of C. W. Farmer and mother of Lota Farmer, by the negligence of the defendant company, which injuries are alleged to have resulted in the death of said Frankie M. Farmer.

It appears from the evidence that Mrs. Farmer had undergone an operation in Ft. Worth for sarcoma and was on her return home at Cleburne, Texas, on the railroad of the defendant company, and upon their arrival at Cleburne, as she was about to alight, the train upon which she was riding was struck by another train of the company and violently shocked, and that she was thrown out of her seat and injured; that the injuries so inflicted resulted in her death. Whether her death resulted from the cause as assigned or not was the question which was vigorously contested in the case and was about the only question involved.

The first assignment of error complains of the paragraph of the general charge of the court in which the jury are instructed, in effect, that if she was injured by the collision of the trains plaintiffs would be entitled to recover a judgment, and omitted to instruct the jury that the injury must have resulted in the death before they

could return a verdict in favor of plaintiffs. This was clearly error, and if it stood alone would require a reversal of the judgment, but in other portions of the charge the jury are instructed that they could not give a verdict in favor of plaintiffs unless they found that her death had resulted from the cause assigned in the petition. It is very clear, therefore, taking the whole charge together, that there is nothing in it from which the jury could have been misled, consequently, we think the assignment shows no reversible error.

The same may be said as to the second and third specifications of error assigned in this court.

The fourth specification of error complains that the trial court erred in refusing to give defendant's special charge No. 4a, in which the jury are distinctly told that they could not find for plaintiffs unless they found that the injuries to Mrs. Farmer resulted in her death. We think the court was not in error in refusing this charge, for the reason that it was substantially given in the general charge.

We find no error in the charge of the court complained of in the fifth specification. We think the court did not err in refusing special charge No. 10, for the reason that we think it was sufficiently given in the general charge.

The seventh specification of error is as follows:

"The court erred in refusing to give defendant's special charge No. 6, as submitted, as follows:

"'If you should find for the plaintiff in this case under other instructions, then on the question of damages you are instructed that in no event and under no circumstances can you allow either of the plaintiffs, Mr. Farmer, or his daughter, anything by reason of the loss of society, love, affection or comfort of Mrs. Farmer, as wife and mother respectively, nor anything on account of any suffering of any character that she may have endured while alive or any mental distress of herself while alive, or any mental suffering, sorrow or distress of mind that plaintiffs, or either of them, may have suffered by reason of her death, and in determining your verdict, you will carefully exclude all such considerations from your verdict.'".

"And erred in giving in lieu thereof modified instructions as follows:

"'You are further instructed that the court modifies defendant's special charge No. 6, and gives it to you as follows: If you should find for the plaintiffs under the other instructions hereinbefore given you, then on the question of damages you are instructed that in no event can you allow either of the plaintiffs anything by reason of the loss of society, love, affection or comfort of Mrs. Farmer to the plaintiffs, as a wife and mother respectively, or suffering of any character that Mrs. Farmer may have endured while alive, or any mental distress that she may have suffered, or physical pain that she may have suffered, while she was sick, but the measure of damages is given you in paragraph 8 of the charge.'"

It will be noted that in the modified charge given by the court the words, "or any mental suffering, sorrow or distress of mind that plaintiffs, or either of them, may have suffered by reason of her death," were omitted and the question is, whether that was error.

The statute provides that, "the jury may give such damages as they may think proportioned to the injury resulting from such death; and the amount so recovered shall be divided among the persons entitled to the benefit of the action, or such of them as shall then be alive, in such shares as the jury shall find by their verdict." (Art. 3027, Rev. Stat.)   This article has been often construed by this court and it is held that compensation should be allowed only for such pecuniary loss as may have resulted to the defendant by the death of the deceased and excludes all recovery for loss of society, or companionship of the deceased or mental distress on account of such death.   March v. Walker, 48 Texas, 372; Southern Cotton Press Co. v. Bradley, 52 Texas, 587; Missouri Pac. Ry. Co. v. Henry, 75 Texas, 220; Galveston, H. & S. A. Ry. Co. v. Worthy, 87 Texas, 459.

It is important, therefore, in an action of this sort that the jury should not only be given instructions to allow a recovery as authorized by the language of the statute, but that they should also be instructed for what elements no recovery can be allowed.   It is insisted, however, on behalf of defendant that the reason of the trial judge for modifying the charge as he did was that in his opinion the charge as originally presented allowed a double recovery, and it is said that if the counsel who prepared the application had been present at the trial of the cause and had known the reason of the judge's action he would not have insisted upon the point.   But it seems to us if the modification was made in the presence of the jury and the jury knew what was asked to be given and the judge struck out a portion of it, the effect upon the minds of the jury would have been that what was stricken out was an element of damage for which the plaintiffs would have a right to recover.   This would seem to emphasize the error, but at all events, the plaintiffs were not entitled to recover for their sorrow resulting from the death of the deceased wife and mother, and it was important that they should have been told so by the charge of the court.   We think the action of the court was clearly error and for this error the judgment must be reversed and the cause remanded.

In the eighth and ninth specifications of error the court refused to give certain special charges in which the jury are instructed that the plaintiffs are not entitled to recover damages for the amount incurred and to be paid by him for medical services rendered his deceased wife, nor for drugs purchased by him for her treatment.   It seems that in treating the deceased wife and her alleged injuries the plaintiff, husband, procured the services of physicians and also drugs for her treatment.   It is very clear, we think, that under the statute for injury resulting in death the plaintiff could not recover for these sums, but if her injuries had not resulted in death, certainly he could have recovered the necessary and proper medical expenses for treatment and for medicines.   The charge of the court instructed the jury, in effect, to give a verdict for the plaintiffs if the injuries upon the wife were negligently inflicted, for doctor's bills and for medical expenses and medicines and divide the other portion of the recovery between the husband and daughter in such proportions as they thought equitable and just.   The husband had two causes of action, one for

injuries to him resulting from the death of his wife, and the other the expenses made necessary for the treatment of her injuries, and under our liberal system of practice we think it was not improper to sue for both in one action. At all events, if it was not proper for him to do so, we think the defendant should have raised the question *in limine* by an exception to the petition on that account.

The tenth assignment of error complains of the refusal of the charge which seems to us to lay down no incorrect proposition of law, but the effect of which would have been simply to argue the case for the defendant. We do not think the court erred in refusing to give it.

During the course of the trial while Dr. Turner as an expert witness testified in behalf of the plaintiffs and had given his opinion as to whether Mrs. Farmer had died as a result of the injuries received, he was asked by counsel for the defendant in regard to his familiarity with certain treatises and medical books, giving the names of the books and authors, and whether they were of good authority or not; and also whether he agreed to the views so laid down. This testimony was objected to on the ground that it was hearsay and immaterial. The court ruled that he could ask the questions, giving the language of the book, but that he should not give the name of the author. The court seems to have proceeded upon the idea that the reading of the authority and naming the author was making it evidence for the jury. In this we can not agree. As was said by the court in Egan v. Dry Dock R. R. Co. (12 Appel. Div., 556), "the reference to books in such cases is not made for the purpose of making the statements in the books evidence before a jury, but solely for the purpose of ascertaining the weight to be given to the testimony of the witness." If in any aspect of the case the jury could look upon it as evidence this difficulty could be overcome by instruction that it was not to be so considered. The question was not evidence and therefore we can not see how it could be objected to as being hearsay. Upon the question of the admissibility of the answers as propounded by counsel for the defendant there is some conflict and some contrariety of opinion, but there is very eminent authority that holds that the question as propounded is admissible. The purpose of the testimony sought to be elicited is to test the knowledge of the so-called expert and to determine the weight of his testimony, and it seems to us that no better way could be devised for doing this than to take the accepted authorities upon the subject and to see how his knowledge of the matter corresponds with that of such authorities. The following cases seem to recognize the propriety of the question: Hess v. Lowrey, 122 Ind., 225; Egan v. Dry Dock R. R. Co., supra; City of Ripon v. Bittel, 30 Wis., 614; City of Bloomington v. Shrock, 110 Ill., 219; Hutchison v. State, 19 Neb., 262; Pinney v. Cahill, 48 Mich., 584.

In such a case we think the testimony should be confined to the purpose of a cross-examination, that is, of showing such deficiency in the knowledge of the expert as to the science about which he is testifying as is calculated to impair the weight of his testimony before the jury. In our opinion it is but just to the witness to state

the name of the author of the book by which his proficiency is sought to be tested. At all events we have found no case which holds that the name should not be given. But in view of the fact that the judgment must be reversed upon another ground, it is unnecessary for us to determine whether it ought to be reversed for this error.

The plaintiff in error also complains of the exclusion of the answer of the witness Tadlock to a question propounded by the defendant. The answer was that during Mrs. Farmer's stay at the St. Joseph's Infirmary, or before she left there, the witness had heard Dr. Saunders say that she would not recover from the disease or tumor. We think there was no error in the exclusion of this, as it was hearsay.

For the errors pointed out the judgment is reversed and the cause remanded for a new trial in accordance with this opinion.

*Reversed and remanded.*