**TEXAS & P. RY. CO. v. PHILLIPS et ux.**

No. 1029.

Court of Civil Appeals of Texas. Eastland.

Dec. 16, 1932.

Rehearing Denied Jan. 13, 1933.

H. C. Shropshire, of Weatherford, for plaintiff in error.

Grisham, Patterson & Grisham, of Eastland, for defendants in error.

FUNDERBURK, J.

Suit by Eugene Phillips and wife against the Texas & Pacific Railway Company to recover damages for the death of plaintiffs' minor son, Gordon Phillips. The boy was killed by a train from the West at a public crossing on Seaman street in the city of Eastland immediately east of defendant's depot. The acts of negligence relied upon for recovery in so far as found by the jury favorably to the plaintiffs were: (a) That defendant, in the operation of the train, approached the crossing on the occasion in question at an excessive rate of speed; (b) that defendant failed to sound an engine whistle or whistles at least 80 rods west of Seaman street cross-

ing on the occasion of the collision; and (c) that the operatives of the train failed to ring the engine bell from a point at least 80 rods west of said crossing continuously until said engine passed the crossing. The negligence in each of these respects was also found by the jury to be a proximate cause of the boy's death, resulting in damages found to be $5,000.

Facts alleged to constitute contributory negligence were:

First. (a) That deceased approached the crossing at a high and dangerous rate of speed, and (b) failed to reduce the speed of his car to not exceeding six (6) miles per hour at some point not nearer than thirty feet of the track.

Second. That deceased was driving in excess of twenty miles an hour.

Third. That deceased approached the crossing at a high and dangerous rate of speed without stopping, looking, or listening.

Of the issues relating to negligence of the deceased which were submitted to the jury, it was found, in answer to one, that the said Gordon Phillips did not, at some point not nearer than thirty feet of the track, slow down to not exceeding six miles per hour, but further found that his failure to do so was not the proximate cause of his death. In answer to the three other issues on contributory negligence the jury found: (a) That Gordon Phillips was not guilty of contributory negligence "in going upon said crossing and railway track at the time and place of the accident in the way and manner that he did go upon said track and crossing"; (b) that Gordon Phillips had not "failed to look and listen for the approach of said train before driving his automobile upon said crossing"; and (c) that Gordon Phillips had not "approached said crossing at a rate of speed in excess of 20 miles per hour." The jury further found that the death of Gordon Phillips was not the result of an unavoidable accident. The judgment for plaintiffs, in accordance with the verdict, bears date the 7th day of July, 1931. Defendant's motion for new trial was overruled on the 30th day of July, 1931, and notice of appeal then given. On the 19th day of August, 1931, appeal (and supersedeas) bond was filed, thereby perfecting the appeal. On November 30, 1931, the appellees filed a motion in this court to strike out the transcript and statement of facts *and dismiss the appeal* on the ground that same had not been filed within the time required by law. The transcript and statement of facts had been filed in this court on November 17, 1931. As under our construction of R. S. 1925, art. 1839, as amended by the Acts 42d Leg. General Laws (1931) c. 66, p. 100 (Vernon's Ann. Civ. St. art. 1839), the record had been filed without lawful authority, because of the lapse of the required time, we granted appellees' motion in full and not only struck out the filing of the record but dismissed the appeal. It was recognized at the time that the facts did not require the dismissal of the appeal, especially as the appellees at the same time of filing the motion had also filed a motion to affirm on certificate. But, it was our view that appellees having moved for a dismissal of the appeal and the appellant's attorney having signified his assent to such action, we were justified in dismissing the appeal, and under the circumstances, did so. We then dismissed the motion to affirm on certificate, on the ground that, by our action on the motion to dismiss, we had deprived the court of jurisdiction to affirm on certificate. (Tex. Civ. App.) 45 S.W.(2d) 265. The order of dismissal was acquiesced in by all parties and became final. On December 16, 1931, defendant below filed an application for writ of error. On the same day filed error (and supersedeas) bond, and on the 22d day of January, 1932, filed the record in this court.

We will first notice the contention of defendants in error (who for convenience will be designated plaintiffs as in the trial court), to the general effect that we erred in not granting the motion to affirm on certificate, or, at any rate, that our dismissal of the former appeal is res judicata in this writ of error proceeding. This court would have been without authority to dismiss the appeal to the prejudice of plaintiffs' right to an affirmance on certificate but for the fact that plaintiffs, by moving to dismiss, thereby deprived themselves of any right to complain of such action. The jurisdiction of this court attached upon the filing of the appeal bond by express provision of R. S. 1925, art. 2267. The jurisdiction then acquired was the same jurisdiction by virtue of which this court was authorized, after the expiration of sixty days, to affirm on certificate if the record had not been filed in time. When, at the instance of plaintiffs, we dismissed the appeal, we had no more jurisdiction of the case, so long as the order of dismissal remained in effect, than we had before the appeal bond was filed. If the term of the trial court had not by that time ended, there would have been no obstacle to that court's granting a new trial or taking any other action that could have been had if no appeal had ever been attempted. Schonfield v. Turner (Tex. Sup.) 6 S. W. 628, is authority, we think, for the proposition that the abandonment of an appeal does not affect the right to bring the case up on writ of error, subject to the qualification only that thereby appellees' right to have the case affirmed on certificate, if not waived, is not to be denied; but, if waived, the right becomes absolute. The voluntary dismissal of the appeal constitutes such waiver. The dismissal of the appeal was not an adjudication of the merits of the appeal, and is therefore not res judicata.

212 ■ ▬▬▬▬▬▬▬▬

■ The defendant urges no proposition to the effect that there was no evidence, or that the evidence was insufficient to support the verdict of the jury upon the issues of defendant's negligence. More than half of its brief is devoted to a proposition contending that the court erred in refusing to give a peremptory instruction for the defendant upon the issues of contributory negligence. The jury found, among other things, that the defendant was guilty of negligence which was the proximate cause of the death of Gordon Phillips, in that defendant, in the operation of the train, approached the crossing at an excessive rate of speed. Whether the deceased saw or heard the train in time to avoid the collision are facts which could only be determined by way of inference or deduction from other facts in evidence. In other words, the evidence does not show, as a matter of law, whether or not the deceased saw or heard the approaching train. In considering whether contributory negligence was shown as a matter of law, the facts cannot be assumed as true that he saw or heard the train. Neither can it be assumed that he did not see or or hear it. If he saw or heard the train, and the train was moving at an excessive rate of speed, he may have, in the exercise of reasonable care and prudence, thought he could cross before the train reached the crossing, and only failed because of the negligent speed of the train. Certainly in such case there could be no contributory negligence as a matter of law. If he did not see or hear the train, his failure to do one or the other, or both, may have been due to the failure of the defendant to sound the whistle and ring the bell in time. Granting that the undisputed evidence shows that there were places along which the deceased passed where he could have seen the train, there was ample evidence to show many obstructions, and it could not be said that a failure to see the train was contributory negligence as a matter of law. If the undisputed evidence showed, which it does not, that deceased approached the crossing at a greater speed than twenty miles per hour, it would still be a question of fact, we think, whether that was the proximate cause of his death. We shall not here enter into a discussion of decisions. Crossing cases are numerous, and have been reviewed by this court in Ft. W. & R. G. Ry. Co. v. Sageser (Tex. Civ. App.) 18 S.W.(2d) 246. See, also, T. & N. O. Ry. Co. v. Crow (Tex. Civ. App.) 300 S. W. 93; Id. (Tex. Sup.) 48 S.W.(2d) 1106; G. H. & S. A. Ry. Co. v. Leifeste (Tex. Civ. App.) 8 S.W.(2d) 764; La. Ry. & Nav. Co. v. Cotton (Tex. Civ. App.) 1 S.W. (2d) 393. We therefore hold, upon the facts of this record, that the question of contributory negligence was an issue of fact for the jury.

■ Defendant, by its second, third, fourth, and fifth propositions, complains of the re-fusal of the court to give certain special instructions. One will serve as a fair example of all. Special charge No. 14 was: "Gentlemen of the Jury: If you believe from the evidence that Gordon Phillips, deceased, in approaching the place where he was injured and killed, failed to stop, look and listen for the approaching train on said track where he was injured and killed; and you further believe that, if he had stopped or looked or listened, that he could and would have discovered said approaching train in time to have avoided contact therewith and injury thereby, and you further believe that such failure, if any, to stop, or look or listen, was negligence on his part, and that such negligence on his part contributed proximately to his injuries and death, the plaintiffs are not entitled to recover damages in this case, and you will answer Special Issue No. 6 submitted to you by the court 'Yes' and Special Issue No. 7 submitted to you by the court 'Yes.'" These were "instructions" on the "law of the case," never proper to be given in a case submitted on special issues. Had same been given over proper objection, it would have constituted reversible error. For a discussion of this subject, with citation of the authorities, see our opinion in Standard v. T. P. Coal & Oil Co., 47 S.W.(2d) 443.

■ Propositions 6 to 23, inclusive, all complain of the refusal of the court to give issues specially requested by the defendant. We conclude that they should all be overruled. It would be too tedious and serve no good purpose to state the propositions separately and give our reasons for the view that the court did not err in refusing to give them. We may classify the reasons as follows: Some called for the finding of merely evidentiary facts, some were issues already submitted, some had no basis in the pleadings, some embodied two or more issues in one, and some were upon the weight of the evidence.

The court gave a definition of "proximate cause" as follows: "By the term 'proximate cause' is meant the efficient and producing cause but for which the injury would not have happened, and which could have been reasonably foreseen as causing the injuries complained of, or some similar injury." The objection challenged the correctness of the definition. In view of the disposition necessary to be made of the case upon another assignment, it is not deemed profitable to enter into a discussion of the question, or even determine whether upon this point alone we would reverse the case. There is no reason why, upon another trial, a definition may not be given which has been approved as to form, and thus avoid further question. In this connection it may not be amiss to observe that, in the law of negligence the term "proximate cause" has one constant meaning. A correct definition in one case will be good in every case. An incorrect definition may, in a par-

ticular case, not be reversible error, because of being more favorable to the complaining party than a correct definition, or because of the particular facts of the case it could not have prejudiced the complaining party, but, of course, such a definition should not be considered as having been approved as a correct definition. The use of the adjectives "efficient" and "producing" in connection with the word "cause" added nothing material to said word, and it is therefore an easy matter to obviate any question about the necessity of defining either or both of said adjectives by omitting them.

We have reached the conclusion that the court below committed material error in submitting special issue No. 5, as follows: "What amount of money, if any, paid now in cash, will reasonably compensate plaintiffs for the damage they have sustained, if any, by reason of the collision in question?" The issue was objected to on the ground, among others, in substance, that it did not exclude from the consideration of the jury damages resulting from physical and mental suffering, grief and sorrow, or the loss of society or companionship on account of said death.

The law as declared in the cases cited, G., C. & S. F. Ry. Co. v. Farmer, 102 Tex. 235, 115 S. W. 260; Hines v. Kelley (Tex. Com. App.) 252 S. W. 1033; I. & G. N. Ry. Co. v. McVey, 99 Tex. 28, 87 S. W. 328; H. & T. C. Ry. Co. v. Gant (Tex. Civ. App.) 175 S. W. 745, impels us to the conclusion that the issue should have been so stated as to require the jury to exclude from the amount of damages to be found anything by way of compensation for physical or mental suffering, grief or sorrow, or loss of society or companionship.

It is suggested that the issue of damages could have been submitted to meet the material objections in some such form as follows: "Including (a) the difference, if any, in the value of plaintiffs' car immediately before and immediately after the accident; (b) the reasonable and necessary expenses, if any, incident to the burial of Gordon Phillips; (c) the amount, if anything, said Gordon Phillips, had he lived, would have earned from the time of his death until he became 21 years of age, less the reasonable cost of his maintenance, education and support during said time; (d) the amount of money, if any, he would have probably voluntarily contributed to his parents from the time he reached 21 years of age and during the probable remainder of their lives and his; but excluding (a) all damages, if any, resulting from physical or mental distress or grief or sorrow because of such death, and (b) all damages, if any, for the loss, if any, of the society or companionship of the said Gordon Phillips; you will please determine from a preponderance of the evidence, and by your answer hereto state, what amount of money, if any, paid now in cash, will reasonably compensate plaintiffs for the damage, if any, they have sustained by reason of the death of Gordon Phillips."

Because of the failure of the court to properly submit the issue of damages, the judgment must be reversed, and the cause remanded, which is accordingly so ordered.

Reversed and remanded.