**WILLIAM CAMERON CO., Inc., v. DOWNING.**

No. 3976.

Court of Civil Appeals of Texas. El Paso.

Jan. 9, 1941.

Henry .Russell, of Pecos, and Malone, Lipscomb, White & Seay, of Dallas, for appellant.

John J. Watts, of Crane, for appellee.

PRICE, Chief Justice.

This is an appeal from the District Court of Crane County. Plaintiff, L. C. Downing, sought damages for personal injuries charged to have been inflicted upon his person through the negligence of the'.defendant, William Cameron Company, Inc.

The parties will be here designated as they were in the trial court.

Trial was before the court and a jury. On the verdict returned by the jury, the court rendered judgment in favor of plaintiff in the sum of $17,500, and from this judgment defendant has perfected this appeal.

The case, as alleged by plaintiff, involved a collision between an automobile in which he was riding and a truck driven by an employee of defendant. The collision took place on the public highway not far from the town of Wolfforth. The truck and automobile just prior to the collision were proceeding along the highway in opposite directions. Plaintiff charged a negligent rate of speed on the part of the truck, failure to keep a proper lookout on the part of the driver thereof, and the operation thereof on the left-hand side of the road; discovered peril was likewise alleged and relied upon.

Defendant replied by general denial and detailed plea of contributory negligence.

The jury found substantially as follows: Defendant's truck at and just prior to the collision was operated at a negligent rate of speed, which was the proximate cause of the collision; that at and immediately prior to the time of the collision the truck was operated on defendant's left-hand side of the highway; that this was negligence and a proximate cause of the collision; that at the time of such operation of the truck on such portion of the highway same was not unobstructed. for a distance of fifty yards ahead, of the truck; defendant's employee negligently failed to keep a proper lookout; that this was a proximate cause of the collision. Issues submitting discovered peril were likewise found in favor of the plaintiff. The issue of unavoidable accident was found in favor of plaintiff. It was further found that Bynum, the driver of the car in which plaintiff was riding, failed to use ordinary care to keep a proper lookout, but

that same was not a proximate cause of the accident. Other issues submitting contributory negligence were found in favor of. plaintiff. Further, that at the time of the collision plaintiff and Bynum, the driver of the car, were going to Lubbock in the course of a joint enterprise.

Defendant assigns error as to the conveyance to the jury of information that it was protected by indemnity insurance. The factual basis of this contention as reflected by the record is as to three separate incidents:

First, in the course of a discussion between the court and counsel as to whether plaintiff's suit should be abated on account of lack of mental capacity of plaintiff, counsel for plaintiff stated: "The insurance company knew and has known ever since the law suit was filed that we alleged a mental impairment of his mental faculties." Whereupon counsel for defendant said: "We object to the statement that the insurance company knew, and we move. to declare a mistrial." Counsel for the plaintiff then said: "I mean the Cameron Lumber Company." The court then asked Mr. Watts, the attorney for the plaintiff, if there was any insurance involved in the case. He replied as follows: "There is no insurance company in this case. I meant to say the Cameron Lumber Company. The court knows we try a great many of these compensation cases where the insurance companies are defendants, and for that reason I made the mistake of referring to the defendant as the insurance company." The court overruled the motion of defendant to declare a mistrial.

Second, while the plaintiff's wife was on the stand, counsel for plaintiff asked her the following question: "Just state what the adjuster did in connection with taking or attempting to take a statement in connection with that part of it." Mrs. Downing replied: "He tried to get him to say Mr. Bynum was looking back talking to his son Billy, and he said 'wasn't he,' and my husband said 'I don't know, I don't know.'" Defendant made motion to declare a mistrial. The judge said: "The court doesn't know who 'he' is. Overruled." Mr. Watts, counsel for the plaintiff, then said: "I just called him an adjuster, a statement taker and I presumed that he was working for Cameron because he was apparently out there taking statements for Cameron and I always call those statement takers 'adjusters'; as I heretofore said

Cameron Lumber Company is the only defendant in this suit, and I don't intend for it to be otherwise." Defendant objected to the statement, and the court overruled same. Defendant renewed his motion, which the court overruled.

Third, in his opening argument, counsel for the plaintiff used this language: "But this Mr. Tripp, this adjuster, who tells you —— " Defendant's counsel interrupted the argument and took exception thereto and moved the court to declare a mistrial. Whereupon counsel for the plaintiff, in the presence of the jury, said: "Well, your Honor, he is working for the Cameron Lumber Company, swore he was, and any statement taker is always, in my opinion, an adjuster, any investigator."

The solution of the question tendered depends on whether the three incidents reasonably conveyed to the minds of the jury that the defendant was protected by indemnity insurance. The record reflects that defendant was not an insurance company. It was referred to as such. This reference by counsel for the plaintiff, we believe, was through pure inadvertence. However, viewed from the standpoint of defendant, it was a grave infringement of its rights, and the prompt exception as to same was natural and within its legal rights. Perhaps the better practice would have been to have requested the withdrawal of the jury and then made the motion for a mistrial. To the jury, if there was not some matter of underlying importance in the matter, it must have seemed "much ado about nothing." The explanation of Mr. Watts was literally true. There was no question of insurance properly involved in the legitimate issues arising in the trial. He promptly said by "insurance company" he had meant the defendant, Cameron Lumber Company. This incident, as reflected by the bill of exceptions, standing alone, would not, in our opinion, constitute reversible error. It is not every casual or inadvertent reference to an insurance company in the course of a trial that would necessitate a mistrial. The allusion by question and in argument to defendant's witness, Tripp, as an adjuster is upon a somewhat different basis. If it may be said that this by reasonable import tended to suggest to the jury that defendant was or might be protected by insurance, it was deliberately done. When the term was first used in the question, it provoked exception and protest from the defendant. The reasonable expecta-tion, we think, that its use in argument would have the same result. The conviction is forced that these two references were artful rather than artless. Nearly every business has terms peculiar to such business. An adjuster in the insurance business is an agent of the company charged with the investigation and adjustment of claims against the company. This, we think, is a general acceptation of the term among the public at large. The intervention of an adjuster suggests an insurance company. Defendant's name suggests that it was not such.

In the case of Jackson v. Edmondson, 129 S.W.2d 369, 372, by the Austin Court of Civil Appeals, the question arose as follows:

"While attempting to impeach witness Brown, appellant's counsel handed him a written statement purported to have been made by him. The following then transpired:

" 'Q. I want him to look at this statement. (Hands witness paper.) This sentence beginning here. (Indicating.)

" 'A. I didn't read the statement when I signed it; the adjuster read it to me.

" 'By Mr. Tuper for plaintiff:

" 'Q. The * * * who?

" 'A. The adjuster.' "

The defendant asked the court to declare a mistrial, which was overruled. This was held not to present reversible error. In this case, however, the Supreme Court has granted writ of error, noting on the docket: "Granted. We are inclined to the view plaintiff's allusion to the adjuster informed the jury that the defendant had insurance."

In our opinion the situation here is much more aggravated than the situation arising in Jackson v. Edmondson, supra. There, only one incident was complained of. Here, three references were made. One of them, it is true, may have been inadvertent.

In 33 Tex.Jur., Sec. 171, p. 276, the following appears: "It is a general rule in suits for personal injuries or for wrongful death that the fact that the defendant is protected by indemmnity insurance against liability for damages may not directly or indirectly be injected into the case either by the evidence offered, by argument to the jury, or otherwise."

It is true that every reference to insurance in the course of a trial in a personal injury case is not necessarily reversible error.

The following cases cited by appellee in his brief are instances where such mention was held not to constitute reversible error: Allen & Co. v. Shook, Tex.Civ.App., 160 S.W. 1091; Horton v. Benson, Tex.Civ. App., 266 S.W. 213; Russell v. Bailey, Tex. Civ.App., 290 S.W. 1108; Humble Oil Pipe Line Co. v. Kincaid, Tex.Civ.App., 19 S. W.2d 144; Jimmie Guest Motor Co. v. Olcott, Tex.Civ.App., 26 S.W.2d 373; Russell v. Martin, 121 Tex. 488, 49 S.W.2d 699; Finck Cigar Co. v. Campbell, Tex.Civ.App., 114 S.W.2d 348.

In each and every one of the above referred to cases there is a distinguishing feature in this respect from the case at bar. This distinguishing feature lies in the fact that the subject of insurance was mentioned apparently inadvertently, and was not intentionally brought into the case as here.

We think that the three incidents, taken together, constitute the conveyance of information to the jury that defendant was, or probably was, protected by indemnity insurance. See Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; Texas Power & Light Co. v. Stone, Tex.Civ.App., 84 S.W.2d 738; South Texas Coaches, Inc. v. Woodard, Tex.Civ.App., 123 S.W.2d 395; 33 Tex.Jur., Sec. 171, p. 276.

The statement of counsel as to what he called an adjuster, in our opinion, was not sufficient to relieve the references of their harmful effect.

■ In this case the issues were closely contested, the verdict is substantial in amount. We cannot say that it clearly appears that the unjustified injection by plaintiff's counsel of the question of insurance in the case was harmless. This suggestion was deliberately made by question and by argument. The assignments are sustained.

We do not hold that where the credibility of a witness is involved it might not be permissible to show that he is an employee of one upon whom the incidence of the judgment might fall. No such question is before us, and hence no holding with reference to such a case is made.

In view of another trial of this case it is thought proper to discuss other assignments of error.

■■ Complaint is made as to the manner of the submission of the issue of unavoidable accident. There is some doubt as to whether this issue is in this case. Magnolia Coca Cola Bottling Co. v. Jordan, 124 Tex. 347, 78 S.W.2d 944, 97 A.L.R.

1513; Dallas Ry. & Terminal Co. v. Darden, Tex.Com.App., 38 S.W.2d 777. This incident happened on a straight road with ample room for one motor vehicle to pass the other with safety. One or the other of the drivers was negligent, in that one or the other of the cars was operated on the wrong side of the road. However, it was possible for it to have happened without negligence on the part of either the driver of defendant's truck or plaintiff. This, on the assumption that under the law plaintiff had no right to control the manner of driving of Bynum. If submitted on another trial, it should be submitted as to the conduct of defendant's driver and plaintiff. The jury found that Bynum and Downing were engaged in a joint enterprise; that Bynum was negligent, but that same was not a proximate cause of plaintiff's injury. In our opinion, the issue of joint enterprise, under the evidence as developed, was not in the case. There is, to our minds, a total lack of proof of the right of plaintiff to control the operation of the car. El Paso Electric Co. v. Leeper, Tex.Com.App., 60 S.W.2d 187; Pryor v. Le Sage, Tex.Civ.App., 133 S.W.2d 308.

In the case last cited the Supreme Court has granted a writ of error, but we believe the legal principles therein announced are sound. In granting the writ the sufficiency of the evidence was perhaps involved. We think our holding in no way conflicts with Waggoner v. Simmons, Tex.Civ.App., 117 S.W.2d 553.

■ There is some duplication in the charge as to issues involving the speed of defendant's truck. One submission we think sufficient. If the rate be above the statutory limit, such speed is negligence, and there is only the question of proximate cause. In case the speed was within the statutory limit, then the question arises as to whether or not it was negligence.

■■ In regard to the assignment as to the cross-examination of Dr. Stiles in relation to the medical work purported to have been written by Dr. Malloy, certain statements were read therefrom to the witness, and he was asked with reference to his agreement with such statements. As we interpret the record, two objections were raised to such action: First, that it was placing before the jury as evidence the statement of Dr. Malloy; second, that the statements were never shown to be those of Dr. Malloy, in that the book from which they were read was never identified as a standard

medical work. Medical books are not admissible as proof of the facts therein stated. However, in the cross-examination of an expert, as throwing light on his ability or credibility, they may at times be used. Gulf, C. & S. F. Ry. Co. v. Farmer, 102 Tex. 235, 115 S.W. 260. In our opinion error is not shown by the assignment. The evidence, however, is slight to show that the book in question was what counsel for plaintiff claimed it to be.

We do not mean to hold that it is impossible to prove the authenticity of such a book. It occurs to us that if proof be made by any competent doctor that same is used and recognized by the medical profession, that this is sufficient.

Special issue No. 11 was as follows: "What sum of money, if paid now in cash, do you find from a preponderance of the evidence is entitled to receive, if any, the said L. C. Downing for the injuries, if any, and his loss of earning capacity, if any, proximately resulting from the collision in question?"

Defendant urged objections thereto as follows:

"(a) It is for the court to determine what, if anything, the plaintiff is 'entitled to receive' after the jury has determined the facts; since it is not within the province of the jury to determine what the plaintiff is 'entitled to receive' for his injuries it is error to submit such a question to the jury.

"(b) It is on the weight of the evidence in that it will lead the jury to believe the court is of the opinion the plaintiff is entitled to receive something.

"(c) This is the submission of a general charge to the jury in a case submitted on special issues.

"(d) Asking the jury to find what the plaintiff is entitled to receive is the submission of a question of law to the jury.

"(e) It is the submission, in any event, of question of mixed law and fact.

"(f) The issue is objectionable, too, for the reason that it authorizes the jury to find double damages in that the jury is asked to determine what Downing is entitled to receive for his injuries and also what he is entitled to receive for loss of earning capacity, as though 'injuries' did not include loss of earning capacity."

As we construe it, special issue No. 11 seeks to submit the issue of damages. It is not in the stereotyped form of such issue.

We believe same is subject to objections a, c, d, e and f. On another trial this issue should be recast.

The court should have sustained the objection of defendant to the answer of the witness, Mrs. Downing, that since the accident she and her family "haven't had any living much."

In our opinion it was not error for the court to overrule the request to abate the suit on account of the mental condition of plaintiff. This question will hardly arise on another trial, as defendant will have the opportunity, if it desires, to present same upon a formal plea in abatement.

The question as to the admission of the testimony in regard to plaintiff's driver and the truck being involved in another traffic accident prior to the accident in question will hardly arise again. This testimony was not admissible.

The assignment relating to the injection of the question of insurance in the case is sustained, and as to the manner of the submission of the question of damages.

It is ordered that the cause be reversed and remanded.