**M. J. CONST. CO., Inc., et al. v. DEATHERAGE.**

No. 2803.

Court of Civil Appeals of Texas. Eastland.

June 9, 1950.

Wagstaff, Harwell, Wagstaff & Alvis, Abilene, for appellants.

Brooks, Duke, Templeton & Brooks, Abilene, for appellee.

LONG, Justice.

A. L. Deatherage filed this suit against M. J. Construction Company and William J. Proffitt to recover damages on account of personal injuries alleged to have been sustained by him as the result of a collision between a school bus driven by him and a truck owned by M. J. Construction Company and operated by its employee, William J. Proffitt. The defendants answered by general denial and pleas of contributory negligence. The jury found all issues submitted favorably to plaintiff and assessed his damages at $13,250.00. Judgment was entered for plaintiff against defendants for this amount. Defendants have appealed.

On April 6, 1949, plaintiff was driving a school bus and was delivering children from the Hamby School District to the various schools in the City of Abilene. M. J. Construction Company, on said date, was engaged in paving North Tenth and Merchant Street in Abilene. There was a collision between the school bus driven by plaintiff and the truck belonging to M. J. Construction Company and driven by defendant Proffitt, at the intersection of Merchant and North Tenth Streets, as a

502

result of which plaintiff claims he sustained serious personal injuries.

While plaintiff was being cross-examined by counsel for defendants, the following occurred:

"Q. When you were injured, who was the first doctor that examined you? A. Dr. Adams.

"Q. Dr. Adams? A. Yes, sir.

"Q. Who was the next doctor that examined you? A. Well, the first doctor is the one that took the X-ray picture; they sent me down there.

"Q. That's Dr. Hooks? A. Yeah, the Insurance people."

Thereupon, counsel moved the court to discharge the jury and declare a mistrial which the court refused to do but instructed the jury not to consider the question and answer for any purpose. The action of the court in refusing to discharge the jury and declaring a mistrial was duly excepted to by defendants and is assigned as error. Defendants contend that a study of the foregoing evidence will show that plaintiff volunteered the statement that Dr. Hooks was representing "the insurance people" or that he, the plaintiff, was sent to Dr. Hooks by "the insurance people" and that such evidence suggested to the jury that any verdict which might be rendered against M. J. Construction Company or William J. Proffitt would be paid off and protected by an insurance company. We agree with this contention. The statement by plaintiff undoubtedly had the effect to create in the minds of the jurors the impression that defendants were protected by insurance. It was reasonably calculated to produce such effect. The statement by plaintiff that the insurance people sent him to Dr. Hooks, when considered in connection with the fact that Dr. Hooks was a witness for defendants and testified that he made X-ray pictures of plaintiff and found no evidence of any broken bones or any injuries, leads us to the conclusion that the jurors in all probability believed that the defendants were covered by indemnity insurance. Plaintiff's answer to the question was not responsive and was a voluntary statement on the part of plaintiff. The question did not in any way refer to an insurance company and did not require or suggest the answer given. It is well settled that it is error to bring to the jury the information or impression that the defendant is protected by insurance. Especially is this true when the issues of fact are closely contested. The issues both of liability and damages were closely contested in this case. The verdict is substantial in amount. It is a matter of common knowledge that juries are more inclined to render verdicts against defendants and for greater amounts if they know or have reason to believe that the defendants are protected by liability insurance. Kuntz v. Spence, Tex.Com.App., 67 S.W. 2d 254.

We are of the opinion that the instruction not to consider the question and answer could not remove the effects of the testimony. Carter v. Walker, Tex.Civ. App., 165 S.W. 483; Continental Oil Co. v. Barnes, Tex.Civ.App., 97 S.W.2d 494 (Writ Ref.). Our holding that the statement made by plaintiff about insurance influenced the jury is fortified to a certain extent by the fact that the jury allowed plaintiff $579.00 for doctor and hospital bills in excess of any evidence justifying such verdict. Plaintiff filed a remittitur for this amount prior to the time the court entered its judgment. The evidence is such that the jury could have fixed plaintiff's damages at a much smaller sum than the amount fixed or could have rendered a judgment for defendants. Furthermore, there was no evidence of cuts, bruises or other external injuries to plaintiff at the time of the accident. Immediately after the collision, plaintiff assisted in getting the children out of the bus. He rode in a car the next day and ran a trap line. He was not confined to his bed or in the hospital as a result of his claimed injuries. As soon as the bus was repaired, he resumed his duties as bus driver and has continued such duties down to the date of the trial. With this evidence before them, the jurors fixed plaintiff's damages at $13,250.00. We cannot say it clearly appears that the unjustified injection by plaintiff of the question of insurance was harmless. We are

of the opinion that under the law it is our duty to reverse this case. We base our holding upon the following authorities: LeMay v. Young, Tex.Civ.App., 217 S.W. 2d 862; Texas Power & Light Co., v. Stone, Tex.Civ.App., 84 S.W.2d 738, (Writ Ref.), Standard Paving Co. v. McClinton, 146 S.W.2d 466; William Cameron Co. v. Downing, Tex.Civ.App., 147 S.W.2d 963; Southland Greyhound Lines, Inc. v. Cotten, 126 Tex. 596, 91 S.W.2d 326; Page v. Thomas, 123 Tex. 368, 71 S.W.2d 234; Texas Co. v. Betterton, 126 Tex. 359, 88 S.W.2d 1039; The Fair, Inc. v. Preisach, Tex.Civ.App., 77 S.W.2d 725.

We deem it unnecessary to pass upon any other points of error raised by defendants.

The judgment of the trial court is reversed and the cause remanded.