**ALEXANDER SCHROEDER LUMBER COMPANY, Appellant,**

v.

**U. F. MERRITT et al., Appellees.**

No. 7082.

Court of Civil Appeals of Texas.

Texarkana.

March 10, 1959.

..Fulbright, Crooker, Freeman, Bates & Jaworski, Richard A. Hall,. Houston, for appellant.

Clarence M. Wilchar, Jr., Houston, for appellee.

· CHADICK, Chief Justice.

A truck owned by U. F. Merritt and operated by Homer Barry was in collision with a truck owned by Alexander Schroeder Lumber Company at a street intersection in Harris County. Merritt filed cause No. 81,324 in the County Court-at-Law against the Lumber Company, seeking damages for personal injuries and injury to and loss of use of his truck. In a separate suit, No. 81,327, Homer Barry sued the same Company in the same court for personal injuries and destruction of a hearing aid. By agreement of the parties, the cases were consolidated and tried, and an appeal from the judgment rendered has been perfected.

Trial was before a jury, and upon answer to special issues, the trial court entered judgment awarding Merritt $478.80 for property damage to his truck, and $300 for loss of use thereof; and awarded Homer Barry $205 for destruction of his hearing aid. Barry's $205 award was reduced $30 by remittitur to bring it within the prayer of his petition.

The appellant, Alexander Schroeder Lumber Company, has briefed three points of error. The first asserts that the trial court erred in overruling a motion for mistrial based upon Merritt's testimony informing the jury that defendant was protected by liability insurance. The second point complains of the action of the trial court in submitting to the jury an issue respecting Merritt's loss of use of his truck because there was no evidence, or insufficient evidence, to raise such issue. The third point bases error upon the trial court's submitting an issue as to the fair market value of Barry's hearing aid because of no evidence or insufficient evidence to raise the issue.

Appellant's Point 1 will be sustained. On direct examination the following exchange between Merritt and his counsel occurred:

"Q. From the time of the accident until the filing of this suit, you didn't receive any money from the truck? A. None.

"Q. And you have been unable to pay for the damages of the truck? A. No, sir; and, on top of that, I have gone to them and asked them to fix my truck and put it on the road for me, and they wouldn't give me an answer on it. They said they would send a man .out to see me, and they have never sent anybody to see me."

Later, on cross-examination, counsel for Schroeder Lumber Company propounded the following question and received the following answer thereto:

"Q. Now, you said they told you they would send a man around to see you about getting the truck on the road? A. Yes. My wife and I went out to your company's office, Cravens and Dargan, they handled the insurance on my truck and the other one, too, and they said they would send a man out to talk to me about it."

Thereupon, counsel for appellant moved for a mistrial and filed a timely written motion therefor, both of which were overruled by the trial court and exception duly made by appellant. The capable trial judge regarded the injection of insurance into the testimony as being invited, but upon careful analysis, this view is not sustained by the record. In this connection, it should be borne in mind that among the issues in the case was that of compensation for loss of use of the truck. Associated with that issue would be the question of diminution of damages. Relevant to such issue, testimony was admissible to show the time reasonably necessary to effect repairs, what repairs had been made and who made them and if there was any delay, who was responsible for it. Preceding the injection of testimony concerning insurance, Merritt as a witness was examined by his own counsel about operation of the truck, earnings therefrom, leaving the truck for repair at Tubby Motor Company, loss of use awaiting repair, and extent of injury. Cross-examination followed upon several of the same subjects. Re-direct examination went more into detail on earnings. Re-cross-examination immediately preceding the injection of the insurance testimony was concerned with expense and profit from the use of the truck. On the basis of the first objection made after insurance came into the testimony, the record indicates confusion in the mind of counsel interrogating the witness. Rather than indicating that he invited the answer, it seems more probable that he was not doing more than clarifying a previous statement of the witness. The reasoning in the case of Texas Coca-Cola Bottling Co. v. Lovejoy, Tex.Civ.App., 138 S.W.2d 254, 258, wr. ref., is applicable to this case. There it is said:

"As shown by the statement of facts the question asked the witness was, 'Do you know what business Mr. Merrill is in?' The answer, 'I think he is in the insurance business,' was not responsive to the question asked. Clearly, the witness was called upon to answer either 'yes' or 'no.' That is, that she did, or did not, know what business Mr. Merrill was in. We think it reasonably clear that said witness for the defendant volunteered the information that she thought Mr. Merrill was in the insurance business, and that such answer was not, at least, directly responsive to the question propounded by plaintiff's counsel. * * *"

This does not appear to be a case where the answer objected to is invited but seems to fall within the scope of Le May v. Young, Tex.Civ.App., 217 S.W.2d 862; and Page v. Thomas, Tex.Com.App., 123 Tex. 368, 71 S.W.2d 234.

The appellant's failure to request that the jury be admonished to disregard the testimony does not waive the error. Its motion for mistrial had been overruled. Under such circumstances, the instruction would again draw the jury's attention to the fact that the appellant carried liability insurance. The appellant should not be penalized for failure to request an admonition which the trial court, if correct in its view that the testimony was invited, was under no obligation to give. It seems rather obvious that a request for an admonition the appellee was not entitled to, if the court's ruling was correct, should not be a prerequisite to a valid complaint if the ruling proves to be erroneous. This view is supported by M. J. Construction Co., Inc. v. Deatherage, Tex.Civ. App., 231 S.W.2d 501; Thompson Drug Co. v. Latham, Tex.Civ.App., 19 S.W.2d 825; Continental Oil Co. v. Barnes, Tex.Civ. App., 97 S.W.2d 494, wr. ref.; and Rojas v. Vuocolo, Tex.Com.App., opinion adopted, 142 Tex. 152, 177 S.W.2d 962.

■ Sustaining appellant's Point 1 requires a reversal and remand of this case. The necessity of another trial requires that Points 2 and 3 be acted upon. They are also sustained. In this connection, it is suggested that recovery for loss of use arising out of damage to the truck, by the more persuasive authority, should be supported by evidence of the period of time the owner is

**166**

deprived of the use of the vehicle in making repairs and the reasonable expense for hire or replacement of the truck during the period, less the cost of maintenance and depreciation that would have accrued during such period had the vehicle not been damaged. Or, if recovery is to be based upon loss of profit from the truck's operation, probable income during the time reasonably necessary to repair the truck should be shown. And from this income all reasonable costs of operation, maintenance and depreciation should be deducted.

[3] Evidence of the cash market value of the hearing aid at the time of its destruction should be introduced. If there is no market value then, as the facts may determine, secondary methods of establishing value should be resorted to.

The judgment of the trial court is reversed and the cause is remanded.