PRIDE TRANSPORT CO., INC., et al., Appellant,

v.

Donald R. HUGHES, Appellee.

No. 5377.

Court of Civil Appeals of Texas, Eastland.

Dec. 6, 1979.

Rehearing Denied Jan. 3, 1980.

**632**

David F. Farris, Maynard & Farris, Fort Worth, for appellant.

Lance C. Hall, Moore, Dickson, Roberts & Hall, Inc., Sweetwater, for appellee.

RALEIGH BROWN, Justice.

This is a suit for damages for personal injuries sustained in a collision involving two large trucks. Donald R. Hughes, a passenger in one truck, sued Pride Transport Company, owner of the other truck. A jury found Pride's driver negligent in several respects and awarded Hughes $329,200.00 in damages. Judgment for such damages was rendered against Pride, which now appeals. We affirm.

Pride argues that the trial court erred in overruling its motions for mistrial after "insurance" was mentioned on two occasions. Pride also contends that the evidence was legally and factually insufficient to support the findings that Hughes suffered loss of future earning capacity of $144,000.00 and would incur reasonable medical and hospital care in the future of $38,000.00.

Hughes was a truck driver employed by Blaine Distributing Company driving a truck between California and the East coast. At the time of the collision, Hughes was in the truck "sleeper" and his co-driver, James Brown, was driving. Hughes was forty-two years old and had an eighth grade education. The parties stipulated that at the time of the accident, Hughes' life expectancy was 31.87 years, and the parties agreed that Hughes earned about $1,300.00 per month.

Two doctors testified that Hughes could no longer drive a truck or do heavy lifting. One testified that he could not think of a job Hughes could now perform. There was testimony that if Hughes did not have an operation, his medical expenses would include: $40.00 to $150.00 monthly for physician; $180.00 yearly for x-rays and reading x-rays, $180.00 to $240.00 yearly for medicine; and $20.00 weekly for physical therapy. Hughes testified he was unwilling to submit to surgery.

Hughes testified that his efforts to return to work were unsuccessful and that he cannot now drive a truck or do heavy lifting. Hughes testified he could not perform the usual and customary tasks of a workman at time of trial and did not believe he

would be able to any time in the future without significant changes.

The court in *McIver v. Gloria*, 140 Tex. 566, 169 S.W.2d 710 (1943), discussing an award for loss of future earning capacity, said:

In a personal injury suit the amount which the plaintiff might have earned in the future is always uncertain, and must be left largely to the sound judgment and discretion of the jury. However, the verdict must be based on something more than mere conjecture. It must be an intelligent judgment, based upon such facts as are available. Even where the injury is of such a serious and permanent nature that loss of earning capacity is the necessary result, proof is required to show the extent and amount of the damages. *International & G. N. R. Co. v. Simcock*, 81 Tex. 503, 17 S.W. 47. No general rule can be laid down, except that each case must be judged upon its peculiar facts, and the damages proved with that degree of certainty of which the case is susceptible. *Dallas Consolidated Electric St. R. Co. v. Motwiller*, 101 Tex. 515, 109 S.W. 918. Under this rule the required certainty of the proof will necessarily vary. Where the plaintiff is a child, who has never earned any money, the jury must determine the value of its lost earning capacity altogether from their common knowledge and sense of justice. *Texas & P. R. Co. v. O'Donnell*, 58 Tex. 27; *Missouri, K. & T. R. Co. v. Johnson*, Tex.Civ.App., 37 S.W. 771, writ refused; 13 Tex.Jur. 400. Likewise, where plaintiff is a housewife, the actual money value of her services need not be proved. *Gainesville, H. & W. R. Co. v. Lacy*, 86 Tex. 244, 24 S.W. 269; 13 Tex. Jur. 402. On the other hand, where plaintiff is employed at a fixed wage or salary, the amount of his previous earnings ordinarily must be shown. *Northern Texas Traction Co. v. Brannon*, Tex.Civ. App., 61 S.W. 156; and see *Dallas Consolidated Electric St. R. Co. v. Motwiller*, supra.

As an award of future medical expenses, the court in *City of Houston v. Moore*, 389 S.W.2d 545 (Tex.Civ.App.—Houston 1965, writ ref'd n. r. e.), said:

The award of future medical expenses is a matter about which no precise evidence is required, it being a matter peculiarly for the jury, and one upon which the jury may make its award based upon the nature of the injuries, the medical care rendered before the trial, and the condition of the injured party. *Edens-Birch Lumber Co. v. Wood*, Tex.Civ.App., 139 S.W.2d 881, Dism., judg. cor., and authorities cited.

■ We have reviewed the evidence in its most favorable light considering only the evidence and inferences which support the findings and rejecting the evidence contrary to the findings and conclude the evidence to be legally sufficient to support the findings as to loss of future earning capacity and future medical expenses. *Martinez v. Delta Brands, Inc.*, 515 S.W.2d 263 (Tex. 1974). We have examined the entire record and conclude the evidence to be factually sufficient to support such findings. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951).

Pride's evidentiary challenges are overruled.

Pride also contends that the trial court erred in overruling its motion for mistrial when the suggestion of insurance was injected into the trial. Insurance was originally mentioned when one of Hughes' attorneys asked the following question of a plaintiff's witness:

"All right. And by the time you were ready to leave the hospital, was the Pride insurance man in town?"

Pride objected to this question, requested an instruction to disregard, and moved for a mistrial. The objection was sustained and the instruction given, but the motion for mistrial was overruled. Hughes' attorney admitted to the judge, out of the presence of the jury, that he had made a mistake, and explained that he intended to say "Pride Company safety man."

Insurance was again mentioned by the investigating highway patrolman as he was being cross-examined by Hughes' other attorney with regard to some markings on a photograph which was being introduced into evidence.

Q  .  .  . (the marks on the photographs) were made a few months ago, and at the request of the defendant?

A  No, sir.  Nobody requested me to do it.

Q  All right, Pride Transport asked you to do it?

A  No, sir.

Q  Well, how come you to do it?

A  For my information.

Q  Well, who was asking you information about it?

A  Pride.  The insurance company.

Pride again objected, requested an instruction to disregard, and moved for a mistrial. The instruction was given and the motion for mistrial overruled.

■ It is well settled in this jurisdiction that it is error to inform the jury that the defendant in an action for damages is protected by liability insurance. *Finck Cigar Co. v. Campbell,* 134 Tex. 250, 133 S.W.2d 759 (1939).  However, the mention of insurance does not always require reversal.  *St. Louis Southwestern Ry. Co. v. Gregory,* 387 S.W.2d 27 (Tex.1965); *Dennis v. Hulse,* 362 S.W.2d 308 (Tex.1962).

■ We must determine whether "the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment." *Dennis v. Hulse,* supra; *Walker v. Texas Employers' Insurance Assoc.,* 155 Tex. 617, 291 S.W.2d 298 (1956); Tex.R. Civ.P. 434.  The complainant must show that the probability that the mention of insurance caused harm is greater than the probability that the verdict was grounded on proper proceedings and evidence. *Standard Fire Insurance Company v. Reese,* 584 S.W.2d 835 (Tex.1979);  Tex.R.Civ.P. 434. We have examined the entire record and conclude that Pride has not shown reversible error.

■ The mention of insurance is not incurable error in every case.  *Dennis v. Hulse,* supra.  In the instant case, the trial judge instructed the jury to disregard the mention of insurance "for any purpose whatsoever."  In addition, immediately after the jurors were sworn, the judge instructed the jurors not to "consider, discuss or speculate whether or not any party is or is not protected in whole or in part by insurance of any kind." Tex.R.Civ.P. 226a.

■ The jury must be presumed to have obeyed the instruction of the trial court and to have disregarded the existence of insurance.  *Duncan v. Smith,* 393 S.W.2d 798 (Tex.1965); *Walker v. Texas Employers Insurance Association,* supra; *Patranella v. Scott,* 370 S.W.2d 922 (Tex.Civ.App.—Waco 1963, no writ).  We do not regard the improper statements made in this case as being beyond correction by means of a proper instruction.  *Younger Brothers, Inc. v. Myers,* 159 Tex. 585, 324 S.W.2d 546, 550 (1959).  *St. Louis Southwestern Railway Company v. Gregory,* supra; *Dennis v. Hulse,* supra; *Rodman Supply Company v. Jones,* 370 S.W.2d 951 (Tex.Civ.App.— Amarillo 1963, no writ).  There is nothing in the record to indicate, nor is there any claim, that the jurors disobeyed the court's instructions and discussed or considered the probability that the defendant was insured. Thus, Pride has not shown that the mention of insurance tainted the jury's minds and caused the rendition of an improper judgment.  *Lemaster v. Chaney & Son Gas Company,* 532 S.W.2d 720 (Tex.Civ.App.— Eastland 1976, writ ref'd n. r. e.); *South Austin Drive–In Theatre v. Thomison,* 421 S.W.2d 933 (Tex.Civ.App.—Austin 1967, writ ref'd n. r. e.); *Meyers v. Searcy,* 488 S.W.2d 509 (Tex.Civ.App.—San Antonio 1972, no writ).

■ The theory behind the rule which excludes evidence of liability insurance is that a jury is more apt to render a judgment against a defendant, and for a larger amount, if it knows that the defendant is protected by insurance.  *Barrington v. Dun-*

*can,* 140 Tex. 510, 169 S.W.2d 462 (1943); *M. J. Construction Company v. Deatherage,* 231 S.W.2d 501 (Tex.Civ.App.—Eastland 1950, no writ). The logic behind this rule is sound, and we adhere to it. However, in the present case, Pride's attorney qualified the jury that Pride Transport was a large corporation with a large fleet of trucks and offices all over the state. We do not believe from the record that the jury rendered a larger verdict against Pride because of the mention of insurance. Tex.R.Civ.P. 434.

There is no showing that Hughes' attorneys intentionally injected insurance into the trial. In this regard we note that there is no showing that the jury was actually informed that the defendant carried liability insurance. Both statements concerning insurance were vague references to "the insurance man" or "the insurance company." No reference was made as to what type of insurance was involved or whether Pride was covered by liability insurance.

The evidence in this case amply supports the jury's finding of negligence and their determination of damages. Pride has not met its burden of showing harmful error. We therefore overrule all points of error. The judgment of the trial court is affirmed.